IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN L. MORGENSTEIN )
)
)
Plaintiff, )
)
v. )   Civil Action No. 05-2123 JR
)
MORGAN STANLEY DW Inc. )
)
)
Defendant. )
_____)

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Morgan Stanley DW Inc. ("Morgan Stanley" or "Defendant"), by and through its counsel, files its answer and affirmative defenses to the Complaint of Plaintiff Norman L. Morgenstein ("Plaintiff") and hereby states as follows:

1. Morgan Stanley admits that it is a former employer of Plaintiff and that Plaintiff filed a Complaint purporting to make allegations and to seek alleged relief based on those allegations. Except as expressly admitted, Defendant denies the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint relating to jurisdiction are legal conclusions that Morgan Stanley neither admits nor denies. Morgan Stanley admits that Plaintiff worked for Defendant in the District of Columbia. Except as expressly admitted, Defendant denies the allegations in paragraph 2 of the Complaint.

3. On information and belief, Morgan Stanley admits that Plaintiff withdrew an alleged administrative charge from the District of Columbia Office of Human Rights. Except as expressly admitted, Defendant denies the allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 regarding venue are legal conclusions that Defendant neither admits nor denies. Morgan Stanley admits that Plaintiff, at times, performed work for Morgan Stanley in Washington, D.C. Except as expressly admitted, Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant states that from about October 25, 1971 until about December 31, 2003, Plaintiff worked for Morgan Stanley and its predecessor Dean Witter Reynolds Inc. and that, at the time of his resignation, Plaintiff held the title of Financial Advisor. Defendant admits that Plaintiff was an employee of Morgan Stanley. On information and belief, Plaintiff has an address at 10427 Oak Hill Court, Adelphi, MD 20783. Except as expressly admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

6. Morgan Stanley is incorporated under the laws of Delaware and has its principal place of business in New York. Defendant admits that there are Morgan Stanley offices in Washington, D.C. and Maryland. Defendant admits that it employs in excess of 53,000 employees throughout the world. Defendant states that it lacks sufficient information or knowledge as to the meaning of the allegations "at all relevant times" in paragraph 6 of the Complaint and thus denies them. Except as expressly admitted, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant restates paragraph 5 of this Answer and admits the allegations in paragraph 7 of the Complaint.

8. Defendant lacks sufficient knowledge or information about the truth of the allegations in paragraph 8 of the Complaint and thus denies them. Except as expressly admitted, Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant lacks sufficient knowledge or information about the truth of the allegations in paragraph 9 of the Complaint and thus denies them. Except as expressly admitted, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information about the truth of the allegations in paragraph 10 of the Complaint and thus denies them. Except as expressly admitted, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint regarding securities laws and licensure and relating to "some clients" are legal conclusions that Defendant neither admits nor denies. Except as expressly admitted, Defendant denies the allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint are legal conclusions that Defendant neither admits nor denies. Except as expressly admitted, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant states that, on information and belief, Plaintiff made various requests of Morgan Stanley and that, to the extent that these requests are in writing, such documents speak for themselves. Except as expressly admitted, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant lacks sufficient knowledge or information regarding the meaning of the vague allegations regarding the word "waiver" in paragraph 16 of the Complaint and thus denies these allegations. Except as expressly admitted, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 of the Complaint relating to statutory requirements are legal conclusions that Defendant neither admits nor denies. Defendant lacks sufficient knowledge or information regarding the meaning of the vague allegations regarding the word "waiver" in paragraph 18 of the Complaint and thus denies these allegations. Except as expressly admitted, Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant lacks sufficient knowledge or information about the truth of the allegations regarding Plaintiff's claims relating to the specifics of his purported condition and how they relate to purportedly taking the Series 65 exam. Except as expressly admitted Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant incorporates paragraphs 1-20 of this Answer as though fully set forth herein.

22. The allegations in paragraph 22 of the Complaint relating to the claim of qualification of disability under the D.C. Human Rights Act are legal conclusions that Defendant neither admits nor denies. Except as expressly admitted Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies Plaintiff's claims for relief in the Complaint's "wherefore" and/or "requests judgment" clauses (including but not limited to (a)-(g)), denies that Plaintiff is entitled to any relief he seeks in the Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

33. Defendant admits that Plaintiff purports to request a trial by jury but denies that Plaintiff's claims are entitled to jury review and determination, denies the appropriateness of a jury trial in this action, and denies Plaintiff should receive a jury trial.

34. Except as expressly admitted in the paragraphs above, Defendant denies the allegations in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint must be dismissed in whole or in part because it fails to state a claim upon which relief may be granted.

2. The Complaint must be dismissed in whole or in part because Plaintiff's claims are barred by the applicable statutes of limitations.

3. The Complaint must be dismissed in whole or part under the doctrine of after-acquired evidence.

4. Plaintiff's Complaint must be dismissed in whole or in part because Plaintiff has failed to exhaust all administrative remedies and/or because this Court lacks subject matter jurisdiction.

5. The Complaint must be dismissed because Plaintiff is not disabled within the meaning of DC Code §§ 2-1401.02(5A).

6. The Complaint must be dismissed because Plaintiff is not a qualified individual with a disability.

7. The Complaint must be dismissed because Plaintiff could not be reasonably accommodated.

8. The Complaint must be dismissed because Plaintiff's alleged disability prevents him from performing the work involved.

9. Plaintiff is estopped by his own actions, conduct or omissions from asserting all or any of the claims contained in the Complaint.

10. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands and/or waiver.

11. Plaintiff's claims are barred in whole or in part by the doctrine of latches.

12. Plaintiff's claims are barred because Defendant's actions were in reasonable and good faith reliance and/or compliance with applicable law, regulation, order, determination, guidance or instruction.

13. Plaintiff's claims are barred in whole or in part by the doctrine of direct threat to himself or others.

14. Plaintiff's claims are barred in whole or part by the doctrine of undue hardship on Defendant.

15. Plaintiff's claims for damages are barred under the doctrine of set off.

16. Plaintiff's claims are barred in whole or in part by the applicable worker's compensation law.

17. Defendant denies that its employment of Plaintiff violated any law. Assuming for argument's sake only that inappropriate conduct occurred, Defendant exercised reasonable care to prevent and promptly correct any inappropriate conduct and Plaintiff unreasonably failed to take advantage of any preventative corrective opportunities provided by Defendant.

18. The actions taken by Defendant with respect to Plaintiff were based on legitimate non-discriminatory business reasons.

19. The actions taken by Defendant with respect to Plaintiff were required by business necessity and were based on factors other than Plaintiff's disability and/or his having allegedly asserted rights protected by the D.C. Human Rights Act.

20. The actions taken by Defendant were in good faith and/or Defendant engaged in good faith negotiations with Plaintiff.

21. The Complaint should be dismissed in accordance with an enforceable arbitration agreement.

22. Plaintiff failed to take steps to mitigate his damages and may not recover any damages he could have avoided.

23. Plaintiff is not entitled to punitive damages.

## ADDITIONAL DEFENSES RESERVED

Defendant reserves the right to amend its Answer to assert additional affirmative defenses as the claims of Plaintiff become more fully disclosed during the course of litigation.

THEREFORE, Defendant requests that the Court:

1.  Enter judgment in Defendant's favor;

2.  Award Defendant costs, including but not limited to attorneys' fees; and

3.  Order such other and further relief as the Court deems appropriate.

Respectfully submitted this 7th day of November, 2005.

_____
Maria E Hallas D.C. Bar 436529
Matthew H. Sorensen D.C. Bar 492130
Greenberg Traurig LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
(202) 533-2312 (office)
(202) 261-2668 (fax)

**Counsel for Defendant
Morgan Stanley DW Inc.**

## CERTIFICATE OF SERVICE

I hereby certify on this the 7th day of November, 2005, that a copy of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES has been duly served upon the Plaintiff of record by sending said copies via electronic mail and United States Postal Service, postage pre-paid, to counsel for Plaintiff:

>Michael G. Kane, Esq.
>Cashdan & Kane, PLLC
>1150 Connecticut Ave, NW Suite 900
>Washington, DC 20036-4129

_____
Jacqueline Arendse