UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN L. MORGENSTEIN,** | ) |
| | ) Civil Action No.: 05-2123 (JR) |
| Plaintiff, | ) Initial Conf.: 1/25/06, 4:30 PM |
| v. | ) |
| **MORGAN STANLEY DW, INC.** | ) |
| Defendant. | ) |

### JOINT MEET AND CONFER STATEMENT

Plaintiff Norman Morgenstein and Defendant Morgan Stanley DW, Inc., by and through their respective undersigned counsel, submit the following Proposed Discovery Plan in accordance with FRCP Rule 26(f) and Rule 16.3 LCvR. Counsel for Plaintiff and Defendant met by telephone on January 4, 2006 and discussed the following issues:

(1) <u>Dispositive Motions</u>. The parties disagree as to whether this case will be disposed of by dispositive motion. Defendant anticipates that it will file dispositive motion(s) during or after discovery. Defendant believes that the case will be successfully disposed of on motion(s).

(2) <u>Joinder, Amendment and Narrowing</u>**.** The Plaintiff does not anticipate that any other parties will be joined and does not, absent any additional facts produced during discovery, anticipate the filing of any amended pleadings. The Defendant is unclear at this early stage of the case whether other parties will need to be joined or whether amendments to pleadings may need to be made. The parties agree that such amendment to pleadings, joinder of the parties, and/or narrowing any of the legal issues set forth in the complaint will occur no later than one month prior to the end of discovery.

(3) <u>Magistrate Judge</u>.  The parties do not want the case assigned to a magistrate judge for any or all purposes.

(4) <u>Possibility of Settlement</u>.  The parties are discussing settlement and it is unknown whether such discussions will be productive.  The parties hope to continue productive discussions.

(5) <u>Alternative Dispute Resolution.</u>  The parties recommend deferring any utilization of alternative dispute resolution until after discovery concludes.

(6) <u>Timing of Dispositive/Cross Motions</u>.  The parties have agreed to file all dispositive motions and/or cross motions thirty (30) days after discovery concludes.  At this time, the parties do not anticipate the need to change the time for oppositions and replies contained in the Federal and Local rules.

(7) <u>Initial Disclosures</u>.  The parties will exchange initial disclosures on or before January 18, 2006 although they may continue to amend such disclosures.

(8) <u>Anticipated Discovery</u>.  The parties agree that all factual discovery close on or about May 12, 2006.  Defendant will propose a joint consent protective order to Plaintiff.  Plaintiff proposes that there be no alteration to the Federal Rules of Civil Procedure regarding discovery at this time.  Defendant has served initial disclosures, document production requests and interrogatories on Plaintiff.  Defendant has also noticed Plaintiff's deposition and would like to take such deposition before any others are taken in the case.  Plaintiff has significant knowledge of the allegations he has made in this case (many of which remain unclear to Defendant) and, because these allegations span many years of employment, Defendant foresees that Plaintiffs deposition may take up to three days of eight hours per day to complete.  Defendant hopes that Plaintiff's deposition can

be completed in far less time and will strive to complete the deposition in as little time as reasonably possible. Defendant would also like to set a limit on the number of document production requests and requests for admission.

(9) <u>Exchange of Expert Reports.</u> The parties will exchange any expert reports regarding plaintiff's alleged disability 30 days before the close of discovery and shall have an opportunity to rebut such reports no later than 15 days after service.

The parties anticipate that they will engage the services of economic experts to address any damage issues, but suggest that the exchange of any damages expert reports and taking of any damages experts' depositions be delayed until after the disposition of Defendant's dispositive motion and the completion of other discovery.

(10) <u>Class action issues.</u> Not applicable.

(11) <u>Bifurcation</u>. The parties do not request bifurcation of any trial.

(12) <u>Scheduling Conference and Trial Dates</u>. The parties propose that the pre-trial conference take place 30-60 days after the Court's ruling on any and all dispositive motion(s). The parties recommend that the Court set the trial date at the pretrial conference.

(13)   <u>Other Matters</u>.  Except for the matters provided in Number 8 above, the parties have no other matters that warrant the Court's attention.

Respectfully submitted this the 18th day of January 2006,

<u>/s/   Michael Kane</u>
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*


<u>/s/  Maria Hallas</u>
Maria Hallas (DC Bar 436529)
Matthew Sorensen (DC Bar 492130)
GREENBERG TRAURIG, LLP
800 Connecticut Ave.,  N.W.
Washington, D.C. 20006
Tel:  (202) 533-2312
Fax: (202) 261-2668

*Counsel for Defendant*