IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN L. MORGENSTEIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN STANLEY DW Inc. )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-2123 JR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT MORGAN STANLEY DW, INC.'S MOTION TO DISMISS
COUNTS I AND II OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.     **PRELIMINARY STATEMENT**

Defendant Morgan Stanley DW Inc. ("Morgan Stanley") moves to dismiss Plaintiff Norman L. Morgenstein's DC Human Rights Act ("DCHRA") claims for failure to accommodate.[1] As demonstrated in this memo, such claims are time barred because DCHRA's one year statute of limitations with respect to these claims began running on March 25, 2002 and expired on March 25, 2003. However, Plaintiff filed neither an administrative complaint nor a court complaint concerning these claims until November 15, 2004, 541 days too late.

---

[1] Count II alleges failure to accommodate. Count I alleges disability discrimination and appears to simply restate Plaintiff's claim for failure to accommodate as a claim alleging discrimination in the terms and conditions of Plaintiff's employment. Thus both Counts should be dismissed.

II.     STATEMENT OF BACKGROUND[2]

Plaintiff's First Amended Complaint ("FAC") states he worked at Morgan Stanley and/or its predecessors for about 32 years. (FAC ¶ 7). According to Plaintiff's FAC, the 1996 surgical removal of an acoustic neuroma from his ear substantially limited his ability to read and to concentrate on the materials he reads, as well as his ability to walk. (FAC ¶¶ 8-10). Nevertheless, Morgan Stanley continued to employ him for seven more years. (FAC ¶¶ 7,11). Beginning in 1999, according to the FAC, it became necessary for Plaintiff to take and pass the Series 65 Investment Counseling license examination to obtain a DC investment advisor license. (FAC ¶¶ 13, 18).

Plaintiff knew that, to obtain the Series 65 license, he was required to take a nationally administered Series 65 exam but he claimed he could not do so on account of his alleged disability. (FAC ¶ 19). Instead, in early 2001 Plaintiff himself applied for a complete waiver of the examination requirement directly to the Government of the District of Columbia's Department of Insurance and Securities Regulation ("DISR"), explaining that "the volume of the [exam preparation] material is too overwhelming for me to comprehend in my condition" and requested to be waived from the exam or "grandfathered in." (April 4, 2001 Letter from Norman Morgenstein to Mr. Theodore Miles, attached as Ex. 1.) DISR rejected Plaintiff's direct

---

[2] This section refers to facts outside of Plaintiff's First Amended Complaint. However, such references do not change the fact that this document remains a motion to dismiss. The additional facts herein are undisputedly from Plaintiff's own production of documents showing communications between the parties. These communication documents supplement omitted information from the Complaint, omitted presumably for Plaintiff's strategic reasons. As such, inclusion of these facts does not convert this motion to dismiss into a motion for partial summary judgment. Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). For purposes of this Motion only, Defendant accepts (as it must under Rule 12(b)(6)) the allegations in the FAC as true.

2

application for an exam waiver. Plaintiff then demanded that Morgan Stanley assist him in obtaining licensure without taking the exam. (FAC ¶ 15). Plaintiff alleges that Morgan Stanley "refused" to assist Plaintiff in applying for the exam waiver. (Id.) Remarkably, the FAC omits any chronological details showing when such refusal actually occurred. (FAC ¶ 16).

In fact, the undisputed communications between the parties, as recently produced by Plaintiff himself, show that, on **March 25, 2002,** Morgan Stanley unambiguously rejected Plaintiff's request for assistance for obtaining a waiver of the Series 65 exam for licensure. (E-mail exchange between Andrea Rouse and Norman Morgenstein, attached as Ex. 2.) That day, a Morgan Stanley representative wrote Plaintiff via email that his "request for a waiver … has been denied." (Id.) Plaintiff then responded via email on the same day, openly denouncing Morgan Stanley as having unlawfully discriminated against him "in violation of the ADA" and directed Morgan Stanley to consider his response "a formal complaint." (E-mail exchange between Andrea Rouse, Norman Morgenstein and Janice Marks, attached as Ex. 3). Notwithstanding Morgan Stanley's rejection, Plaintiff continued to demand that Morgan Stanley assist Plaintiff in obtaining licensure without the Series 65 test, and, in response, Morgan Stanley officials repeatedly and emphatically confirmed the denial of the request. See e.g. E-mail exchange between Norman Morgenstein and Andrea Rouse, attached as Ex. 4; April 1, 2002 E-mail from Carolyn Greenhalgh to Norman Morgenstein, attached as Ex. 5, ("Morgan Stanley does not have the ability to grant a waiver.").

Plaintiff waited until November 15, 2004 ("FAC ¶ 3), over two-and-one-half years after March 25, 2002, to file an administrative charge with District of Columbia Office of Human Rights ("DCOHR"). Plaintiff's delay resulted in gross untimliness of 541 days.

III.   ARGUMENT

Affirmative defenses are properly raised on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Smith-Haynie v. District of Columbia, 155 F.3d 575, 577 (D.C. Cir. 1998). The reviewing court should dismiss a claim pursuant to Rule 12(b)(6) if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts, it need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Id. at 1276. So as not to burden this Court with the same arguments twice, Defendant respectfully requests that the Court consider this filing as a Motion to Dismiss in accordance with the caselaw cited in footnote 1 herein.

### A.   Plaintiff's Failure to Accommodate Claims are Untimely and Should Be Dismissed from the First Amended Complaint with Prejudice.

The DC Human Rights Act (the "DCHRA") provides that, "a private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof." D.C. Code § 2-1403.16(a) (emphasis added). A "discrete" discriminatory act is an isolated act that occurs on the day that it "happens" and begins the running of the applicable statute of limitations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114-15, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002). A party must file a timely charge concerning a discrete act within the applicable statute of limitations period or the claim is time-barred. Id.; Coleman v. Potomac Electric Power Company, 310 F.Supp.2d 154,

4

160 (D.D.C. 2004) (holding that the D.C. Court of Appeals would follow Morgan's analysis of "discrete" discriminatory acts).

It is well-established that the denial of a requested accommodation is a "discrete" act triggering the statute of limitations on the date it occurs. Henderson v. Ford Motor Co., 403 F.3d 1026 (8th Cir. 2005) (dismissing plaintiff's failure to accommodate disability claim because plaintiff waited more than 300 days to file a charge after being denied jobs she had requested as reasonable accommodations); Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 135 (2d Cir. 2003) (rejection of a request for accommodation for an employee's religious practices is a discrete act of discrimination); Stuevecke v. New York Hospital Medical Center of Queens, 2003 WL 22019073, at *3 (E.D.N.Y. 2003) (failure to provide a reasonable accommodation for an otherwise qualified employee is a discrete act of discrimination).

Further, this Court (and other jurisdictions) has squarely ruled that the statute of limitations begins running on the date of the denial of the first request for accommodation. As recently as a couple of weeks ago, this Court expressly stated that neither making repeated requests for accommodation nor filing of internal complaints about the denial will extend, toll or reset the statute of limitations. Stewart v. District of Columbia, 2006 WL 626921, at *6 (D.D.C. March 12, 2006) (holding that plaintiff's cause of action for denial of a reasonable accommodation accrued on the date on which the plaintiff was first informed of the employer's denial of the request and that the statute of limitations cannot be restarted by making subsequent requests for accommodation or alleging that the employer's denial of these subsequent requests resulted in further harm to plaintiff); see also Schroeder v. University of Illinois at Chicago, 1997 WL 43205, *2 (N.D. Ill. 1997) (300 day statute of limitations began running on date of defendant employer's first denial of plaintiff's requested accommodation; plaintiff's later repeated requests

5

for accommodation did not toll or reset statute of limitations); Del. State Coll. v. Ricks, 449 U.S. 250 (1980) (holding that date of original decision to deny plaintiff tenure, not the actual end date of employment, started the running of the statute of limitation, and that pendency of the internal grievance process of tenure decision did not toll the statute of limitations).

In this case, Plaintiff's administrative charge filing occurred more than one year and a half too late, and therefore Plaintiff's reasonable accommodation claims are untimely. The allegations of Plaintiff's First Amended Complaint, as supplemented by documents produced by Plaintiff, show that on **March 25, 2002**, Morgan Stanley unequivocally denied Plaintiff's request that Morgan Stanley apply on Plaintiff's behalf for licensure without having to sit for a Series 65 exam, and Plaintiff believed defendant's acts were discriminatory based on disability. See FAC ¶¶ 16; Ex. 2. Plaintiff's demands for reconsideration of this decision resulted in Morgan Stanley's steadfast denial of Plaintiff's request. Exs. 3-4. Like the plaintiff in Stewart v. D.C., this Plaintiff (Mr. Morgenstein) should not be allowed to "simply re-start the statute of limitations by re-requesting the denied accommodation." 2006 WestLaw at *6. Since Plaintiff did not file an administrative complaint with DCOHR until more than two and a half years later on November 15, 2004 (at the earliest) (FAC ¶3) dismissal of Plaintiff's claims for failure to accommodate (Count II) and his claim for disability discrimination (Count I) is warranted and required.

## IV.   CONCLUSION

Plaintiff's "failure to accommodate" allegation is nothing more than a demand that Morgan Stanley assist Plaintiff in seeking licensure without having to take a nationwide Series 65 test. Morgan Stanley flatly rejected this request on March 25, 2002. Plaintiff immediately decried discrimination. The combination of Morgan's Stanley's written denial and Plaintiff's

6

discovery of the denial, as Plaintiff himself exclaims through his accusation of discrimination, triggered the running of DCHRA's one year statute of limitation. Instead of promptly pursuing formal legal redress, Plaintiff waited until November 15, 2004 (FAC ¶ 3), more than two and a half years after the original denial of March 25, 2002, and more than 541 days after DCHRA's one year statute of limitations had expired. For these reasons, Defendant seeks dismissal of Plaintiff's claims for failure to accommodate (Count II) and his claim for disability discrimination (Count I).

Respectfully submitted this the 23th day of March, 2006,

/s/
Maria E. Hallas, D.C. Bar 436529
Matthew H. Sorensen, D.C. Bar 492130

**Greenberg Traurig LLP**
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
(202) 533-2312 (office)
(202) 261-2668 (fax)

**Counsel for Defendant
Morgan Stanley DW Inc.**