# Exhibit 6

Westlaw.

Not Reported in F.Supp.                                                                                                      Page 1
Not Reported in F.Supp., 1997 WL 43205 (N.D.Ill.), 23 A.D.D. 1096, 9 NDLR P 141
(Cite as: Not Reported in F.Supp.)

H
Briefs and Other Related Documents

United States District Court,N.D. Illinois,Eastern Division.
Richard SCHROEDER, Plaintiff,
v.
UNIVERSITY OF ILLINOIS AT CHICAGO, Defendant.
No. 96 C 6020.

Jan. 27, 1997.

Employee brought action against employer alleging discrimination and retaliation in violation of the Americans with Disabilities Act (ADA). Employer moved to dismiss complaint for failure to state a claim. The District Court, Suzanne B. Conlon, J., held that: (1) employer's denials of allegedly disabled employee's request for transfer and accommodation were not continuing violations of the ADA which would have tolled running of statute of limitations, and (2) employee was not required to file an additional complaint with the Employment Opportunity Commission (EEOC) to assert claim of retaliation.

Motion denied.

West Headnotes

[1] Civil Rights 78 €—1006

78 Civil Rights
　　78I Rights Protected and Discrimination Prohibited in General
　　　　78k1002 Constitutional and Statutory Provisions
　　　　　　78k1006 k. Retrospective Application. Most Cited Cases
　　　　　　(Formerly 78k102.1)
The ADA does not apply retroactively. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

[2] Civil Rights 78 €—1505(7)

78 Civil Rights
　　78IV Remedies Under Federal Employment Discrimination Statutes
　　　　78k1503 Administrative Agencies and Proceedings
　　　　　　78k1505 Time for Proceedings; Limitations
　　　　　　　　78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
　　　　　　(Formerly 78k182)
Employer's denials of allegedly disabled employee's requests for transfer and accommodation were not continuing violations of the ADA which would have tolled running of statute of limitations; decisions not to transfer or accommodate employee were not made over an extended period of time, employer did not have an express, openly espoused policy that was alleged to be discriminatory, and employee did not allege that employer covertly committed a series of discrete acts. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

[3] Civil Rights 78 €—1505(7)

78 Civil Rights
　　78IV Remedies Under Federal Employment Discrimination Statutes
　　　　78k1503 Administrative Agencies and Proceedings
　　　　　　78k1505 Time for Proceedings; Limitations
　　　　　　　　78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
　　　　　　(Formerly 78k342)
Continuing violation doctrine allows an employment discrimination plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period; for purposes of limitations period, courts treat such a combination as one continuous act that ends within limitations period.

[4] Civil Rights 78 €—1505(7)

78 Civil Rights
　　78IV Remedies Under Federal Employment Discrimination Statutes
　　　　78k1503 Administrative Agencies and Proceedings
　　　　　　78k1505 Time for Proceedings; Limitations
　　　　　　　　78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
　　　　　　(Formerly 78k342)
Where employer's decision-making process takes place over a period of time, making it difficult to determine actual date of allegedly discriminatory act, continuing violation doctrine applies to allow plaintiff to get relief for time-barred act by linking it

Case 1:05-cv-02123-JR    Document 8-9    Filed 03/23/2006    Page 3 of 6

Not Reported in F.Supp.                                                                                      Page 2
Not Reported in F.Supp., 1997 WL 43205 (N.D.Ill.), 23 A.D.D. 1096, 9 NDLR P 141
(Cite as: Not Reported in F.Supp.)

with an act within limitations period.

**[5] Civil Rights 78 🔑1505(7)**

78 Civil Rights
　78IV Remedies Under Federal Employment Discrimination Statutes
　　　78k1503 Administrative Agencies and Proceedings
　　　　　78k1505 Time for Proceedings; Limitations
　　　　　　　78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
　　　　　　　(Formerly 78k342)
If employer has an express, openly espoused policy that is alleged to be discriminatory, continuing violation doctrine allows plaintiff to get relief for time-barred act by linking it with an act that is within limitations period.

**[6] Civil Rights 78 🔑1505(7)**

78 Civil Rights
　78IV Remedies Under Federal Employment Discrimination Statutes
　　　78k1503 Administrative Agencies and Proceedings
　　　　　78k1505 Time for Proceedings; Limitations
　　　　　　　78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
　　　　　　　(Formerly 78k342)
Where employer covertly follows practice of discrimination over a period of time, such that plaintiff can only realize that he is a victim of discrimination after a series of discrete acts has occurred, continuing violation doctrine allows plaintiff to get relief for time-barred act by linking it with an act that is within the limitations period.

**[7] Civil Rights 78 🔑1505(3)**

78 Civil Rights
　78IV Remedies Under Federal Employment Discrimination Statutes
　　　78k1503 Administrative Agencies and Proceedings
　　　　　78k1505 Time for Proceedings; Limitations
　　　　　　　78k1505(3) k. Operation; Accrual and Computation. Most Cited Cases
　　　　　　　(Formerly 78k182)
Employee could rely on two instances in which employer disciplined him for taking short breaks to relieve his back pain to establish a timely claim under the ADA as those instances occurred within the limitations period. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

**[8] Civil Rights 78 🔑1217**

78 Civil Rights
　78II Employment Practices
　　　78k1215 Discrimination by Reason of Handicap, Disability, or Illness
　　　　　78k1217 k. Practices Prohibited or Required in General; Elements. Most Cited Cases
　　　　　(Formerly 78k173.1)
To state a claim for discrimination under the ADA, plaintiff must allege that he is a disabled person within the meaning of the ADA; that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform essential functions of job, and that he suffered an adverse employment action because of his disability. Americans with Disabilities Act of 1990, § 102(a), 42 U.S.C.A. § 12112(a).

**[9] Civil Rights 78 🔑1220**

78 Civil Rights
　78II Employment Practices
　　　78k1215 Discrimination by Reason of Handicap, Disability, or Illness
　　　　　78k1220 k. Particular Cases. Most Cited Cases
　　　　　(Formerly 78k173.1)
Employee stated a prima facie case of discrimination in violation of the ADA by alleging that he suffered from chronic back pain that limited some of his major life activities such as sitting for long periods of time, that he could perform essential functions of driver position if afforded reasonable accommodation, and that employer wrongly disciplined him for taking short breaks to ease his back pain and assigned him to a vehicle and route that aggravated his back pain. Americans with Disabilities Act of 1990, § 102(a), 42 U.S.C.A. § 12112(a).

**[10] Civil Rights 78 🔑1243**

78 Civil Rights
　78II Employment Practices
　　　78k1241 Retaliation for Exercise of Rights
　　　　　78k1243 k. Practices Prohibited or Required in General; Elements. Most Cited Cases
　　　　　(Formerly 255k30(6.10) Master and Servant)
To state a claim for retaliation in violation of the ADA, plaintiff must allege he engaged in statutorily protected expression, and because he engaged in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-02123-JR    Document 8-9    Filed 03/23/2006    Page 4 of 6

Not Reported in F.Supp.                                                                                                    Page 3
Not Reported in F.Supp., 1997 WL 43205 (N.D.Ill.), 23 A.D.D. 1096, 9 NDLR P 141
(Cite as: Not Reported in F.Supp.)

expression, employer acted adversely. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

[11] Civil Rights 78 €⊃1246

78 Civil Rights
    78II Employment Practices
        78k1241 Retaliation for Exercise of Rights
            78k1246 k. Particular Cases. Most Cited Cases
            (Formerly 255k30(6.10) Master and Servant)
Employee stated a claim for retaliation in violation of the ADA by alleging that employer, in retaliation for his filing discrimination charges against employer, assigned him to a vehicle and route that aggravated his back pain and passed him over for promotion. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

[12] Civil Rights 78 €⊃1516

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
            78k1516 k. Scope of Administrative Proceedings; Like or Related Claims. Most Cited Cases
            (Formerly 255k36 Master and Servant)
Employee's allegations that employer allegedly failed to promote him in retaliation in violation of the ADA was like or reasonably related to allegations contained in EqualEmployment Opportunity Commission (EEOC) charge and grew out of the allegations, and thus, employee was not required to file additional complaint with the EEOC to assert that employer passed him over for promotion in retaliation for filing first EEOC complaint. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.
*1 Richard Schroeder ("Schroeder") sues the University of Illinois ("the University") for discrimination (Count I) and retaliation (Count II) in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The University moves to dismiss the complaint ("Compl.") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996). According to the complaint, Schroeder works for the University. Compl. at ¶ 6. In February 1991, Schroeder injured his back in a work-related accident. *Id.* at ¶ 4. Schroeder now suffers chronic back pain. *Id.* In July 1991, Schroeder's doctor approved his return to work, but advised him he should not sit for long periods of time or drive vehicles with bad suspension systems. *Id.* at ¶ 7. In September 1991, the University demoted Schroeder from "driver" to the lower-paying position "campus transportation driver." *Id.* at ¶ 8. Schroeder repeatedly asked that he be transferred to his previous position. Schroeder also repeatedly asked for accommodation such as a vehicle with better suspension, short breaks, and the ability to alternate his assigned route with another driver. *Id.* at ¶ 9. The University refused Schroeder's requests for both transfer and accommodation. *Id.* at ¶¶ 9-10. In October 1993, Schroeder filed charges of discrimination against the University with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 3. The University, allegedly in retaliation for filing these charges and Schroeder's requests for accommodation, wrongly disciplined Schroeder and passed him over for promotion. *Id.* at ¶¶ 14-15. Schroeder alleges the University also retaliated by continuing to refuse his repeated requests for transfer and accommodation. *Id.* Schroeder sues pursuant to a right to sue letter issued by the EEOC on June 29, 1996 and received on July 1, 1996. *Id.* at ¶ 3.

### DISCUSSION

### I. STANDARD FOR A MOTION TO DISMISS

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-02123-JR   Document 8-9   Filed 03/23/2006   Page 5 of 6

Not Reported in F.Supp.                                                                 Page 4
Not Reported in F.Supp., 1997 WL 43205 (N.D.Ill.), 23 A.D.D. 1096, 9 NDLR P 141
**(Cite as: Not Reported in F.Supp.)**

entitle him to relief. *Travel All Over the World, Inc., 73 F.3d 1423, 1429 (7th Cir.1996); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir.1993)* (citing *Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir.1988)*). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990).*

## II. STATUTE OF LIMITATIONS

**\*2** [1] The University argues that Schroeder's claims are time-barred. Although the ADA was enacted on July 26, 1990, Title I did not go into effect until July 26, 1992. 42 U.S.C. § 12111. The ADA does not apply retroactively. *Vande Zande v. State of Wisc. Dept. of Admin., 44 F.3d 538, 545 (7th Cir.1995).* In other words, the University may only be held liable for discriminatory or retaliatory acts that occurred after July 26, 1992. *Bazemore v. Friday, 478 U.S. 385, 395, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986)* (Brennan, J., concurring). Accordingly, as he concedes in his response, Schroeder may not base his discrimination claim on the demotion that occurred in September 1991. Similarly, Schroeder may not base either of his claims on any of the University's refusals to transfer or accommodate him that occurred prior to July 26, 1992.

[2] However, Schroeder alleges he requested transfer and accommodation, and the University refused, after July 26, 1992. The University argues these allegations are insufficient because in Illinois charges of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory act. *See Washburn v. Sauer-Sundstrand, Inc., 909 F.Supp. 554, 558 (N.D.Ill.1995).* Schroeder filed charges of discrimination against the University with the EEOC in October 1993. Even if this court considered July 26, 1992 the day the acts occurred, Schroeder still failed to file the charges within 300 days. To avoid the bar of his claims, Schroeder argues that the University is committing a continuing violation by refusing his repeated requests for transfer or accommodation.

[3] [4] "The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period. For purposes of the limitations period, courts treat such a combination as one continuous act that ends within the limitations period." *Selan v. Kiley, 969 F.2d 560, 564 (7th Cir.1992).* The Seventh Circuit has recognized three viable theories of continuing violations. *Jones v. Merchants Nat'l Bank & Trust Co., 42 F.3d 1054, 1058 (7th Cir.1994).* The first theory "encompasses decisions ... where the employer's decision-making process takes place over a period of time, making it difficult to determine the actual date of the allegedly discriminatory act." *Id.* (citing *Stewart v. CPC International, Inc., 679 F.2d 117, 120-21 (7th Cir.1982)).* This theory is inapplicable here because the University did not make the decisions not to transfer or accommodate Schroeder over an extended period of time. Rather, the University made the two decisions long ago and, despite additional pleas, refuses to deviate from those decisions.

[5] The second theory involves "an employer's express, openly espoused policy that is alleged to be discriminatory." *Jones, 42 F.3d at 1058* (citing *Selan, 969 F.2d at 565).* Schroeder does not claim that such a policy exists at the University.

[6] The third theory applies "where an employer covertly follows a practice of discrimination over a period of time ... [such that] the plaintiff can only realize that [he] is a victim of discrimination after a series of discrete acts has occurred." Schroeder does not allege the University covertly committed a series of discrete acts; he alleges the University openly made two decisions from which it now refuses to depart. As such, Schroeder's allegations do not fit the third theory either. Thus, Schroeder cannot rely on his own repeated requests for transfer and accommodation to toll the statute of limitations. *See Galloway v. General Motors Service Parts Operations, 78 F.3d 1164, 1167 (7th Cir.1996)* ("plaintiff may not base [his] suit on conduct that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct.... ") Accordingly, Schroeder may not base his claims on the University's more recent refusals to transfer or accommodate him.

**\*3** [7] Few allegations remain to support Schroeder's claims. Nevertheless, Schroeder alleges that the University disciplined him in 1993 and 1994 for taking short breaks to relieve his back pain. Compl. at ¶ 9. Because he filed the discrimination charges against the University in October 1993, Schroeder may rely on those events to establish a timely claim. Schroeder also alleges the University assigned him to a vehicle and route that aggravate his back pain, but he fails to state when this occurred. Schroeder may rely on these allegations as well if it later becomes apparent that such conduct occurred within 300 days

Case 1:05-cv-02123-JR   Document 8-9   Filed 03/23/2006   Page 6 of 6

Not Reported in F.Supp.                                                                                                                                       Page 5
Not Reported in F.Supp., 1997 WL 43205 (N.D.Ill.), 23 A.D.D. 1096, 9 NDLR P 141
**(Cite as: Not Reported in F.Supp.)**

of his filing discrimination charges in October 1993.

### III. DISCRIMINATION IN VIOLATION OF THE ADA (COUNT I)

[8] Under the ADA, it is unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability ... in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). In order to state a claim for discrimination under the ADA, Schroeder must allege: "(1) that [he] is a disabled person within the meaning of the ADA; (2) that [he] is qualified, that is, with or without reasonable accommodation (which [he] must describe), [he] is able to perform the essential functions of the job; and (3) that [he] suffered an adverse employment action because of [his] disability." *Garza v. Abbott Laboratories,* 940 F.Supp. 1227, 1235 (N.D.Ill.1996).

[9] Schroeder alleges he suffers from chronic back pain that limits some of his major life activities such as sitting for long periods of time. Compl. at ¶ 4. Schroeder alleges he can perform the essential functions of a "driver" if afforded reasonable accommodations such as assignment to a vehicle with better suspension and permission to take short breaks or to alternate his assigned route with another driver. *Id.* at ¶¶ 9-10. Schroeder alleges the University wrongly disciplined him for taking short breaks to ease his back pain and assigned him to a vehicle and route that aggravate his back pain. *Id.* at ¶ 9. These allegations state a claim for discrimination in violation of the ADA. Accordingly, although his delay has greatly reduced the basis for his claim, Schroeder has alleged all elements of a claim for discrimination in violation of the ADA. Count I survives the motion to dismiss.

### IV. RETALIATION IN VIOLATION OF THE ADA (COUNT II)

[10] [11] In order to state a claim for retaliation in violation of the ADA, Schroeder must allege (1) he engaged in statutorily protected expression and (2) because he engaged in that expression (3) the University acted adversely. *Garza v. Abbott Laboratories,* 940 F.Supp. 1227, 1244 (N.D.Ill.1996). Schroeder alleges he filed discrimination charges against the University in February 1992 and October 1993. Compl. at ¶ 14. Schroeder alleges the University, in retaliation for this expression, assigned him to a vehicle and route that aggravate his back pain and passed him over for promotion. *Id.* at ¶¶ 14-15. These allegations state a claim for retaliation in violation of the ADA.

*4 [12] The University argues Schroeder may not rely on the University's alleged failure to promote him because it is not included in Schroeder's EEOC charge. Schroeder may base his claim on the allegation that the University passed him over as long as it is " 'like or reasonably related to the allegations of the [EEOC] charge and grow[s] out of such allegations.' " *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 538 F.2d 164, 167, *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976) (quoting *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971)). It is "well established that this 'like or reasonably related' test is broad and liberal, as it grows out of the policy of being 'solicitous of the ... plaintiff.' " *Oxman v. WLS-TV,* 595 F.Supp. 557, 559 (N.D.Ill.1984) (quoting *Jenkins,* 538 F.2d at 168 (citations omitted)). Basically, "the Jenkins test parallels the concept of notice pleading under Rule 8 and requires that the EEOC be put on general, broad notice of a claim." *Oxman,* 595 F.Supp. at 560. With this standard in mind, this court declines to find Schroeder was required to file an additional complaint with the EEOC in order to now assert that the University passed him over for promotion in retaliation for filing the first EEOC complaint. Accordingly, Schroeder has alleged all elements of a claim for retaliation in violation of the ADA. Count II survives the University's motion to dismiss.

### *CONCLUSION*

The University's motion to dismiss is denied. The University is directed to answer the complaint by February 6, 1997.

N.D.Ill.,1997.
Schroeder v. University of Illinois at Chicago
Not Reported in F.Supp., 1997 WL 43205 (N.D.Ill.), 23 A.D.D. 1096, 9 NDLR P 141

Briefs and Other Related Documents (Back to top)

• 1:96cv06020 (Docket) (Sep. 18, 1996)

END OF DOCUMENT