UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN L. MORGENSTEIN**       ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | CA No. 05-2123 (JR) |
| ) | |
| **MORGAN STANLEY DW INC.**       ) | |
| ) | |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO DEFENDANT'S MOTION TO DISMISS, POINTS AND AUTHORITIES IN SUPPORT THEREOF AND REQUEST TO BE HEARD ON AN EXPEDITED BASIS**

Plaintiff, Norman L. Morgenstein, moves the Court for a two week extension in which to respond to Defendant's Motion to Dismiss. Plaintiff received electronic notice of the motion on March 24th meaning Plaintiff's Response is due this Friday April 7, 2006. Defendant, through its attorney Matthew Sorensen, does not consent to the requested relief.

**Factual Background**

As paraphrased from the First Amended Complaint, Plaintiff Norman Morgenstein brought this suit under the District of Columbia Human Rights Act for disability discrimination, failure to accommodate and retaliation. Mr. Morgenstein worked for the Defendant for over 30 years. In the last few years of his employment, Mr. Morgenstein suffered from a visual disability, among others, as a result of the removal of tumor. This disability substantially impacted Mr. Morgenstein's ability to read and concentrate in that he could not read for an extended period of time.

In or about November 2003, Mr. Morgenstein requested of his supervisor that Defendant apply for a waiver on his behalf from the requirement to sit for the Series 65 exam. Plaintiff requested this accommodation because he had recently "inherited" a number of accounts from his father, which he wanted to place under management in so-called "wrap" accounts. Plaintiff believed that a Series 65 license was necessary in order to do this but he did not have the visual stamina required to study for and sit for the exam, thus the request for the accommodation.

Plaintiff's supervisor rejected the request and demanded that Plaintiff either resign or be fired. Having no choice in the matter Plaintiff resigned his employment. Following the filing of an administrative complaint with the D.C. Office of Human Rights, Plaintiff filed this action in Superior Court, which Defendant removed to this court. Count I alleges that Plaintiff's termination constituted disability discrimination. Count I also alleged that Defendant's refusal to accommodate constituted disability discrimination. Count II alleged a separate count that Defendant's actions constituted a refusal to accommodate. Count III alleged that Plaintiff's forced resignation was in retaliation for his exercise of rights under the D.C. Human Rights Act.

**The Pending Motion to Dismiss**

On March 23, Defendant filed a Motion to Dismiss Count I and II of the First Amended Complaint. Plaintiff received notice by electronic means on March 24, 2006. Although it is styled a motion to dismiss, Defendant relies on facts and documents not contained or referenced in the First Amended Complaint. Nonetheless, Defendant insists that the Court treat its motion as a motion to dismiss. See, Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss at note 2.

The thrust of Defendant's argument is that these other documents, which Plaintiff produced in discovery, allegedly show that Plaintiff's reasonable accommodation claim is untimely. For that reason, Defendant requests the complete dismissal of Count II. Defendant also requests the complete dismissal of Count I even though that Count also alleges that the termination of Plaintiff was discrimination based on disability. In other words, Plaintiff did not limit Count I to alleging that the refusal to accommodate was disability discrimination.

**Reason for the Request**

There are several reasons why the Court should grant this timely first request for an extension of time in which to respond to Defendant's Motion to Dismiss. Although Defendant was electronically served with the document on Friday March 24, Plaintiff's counsel did not have the opportunity to review the motion in any detail until the following Monday, March 27. That week was an especially pressing time for Plaintiff's counsel as he was preparing for and taking six depositions in a different case currently pending in D.C. Superior Court. Basically, Plaintiff was engaged in deposition preparation in that case all day Monday. He was then taking the depositions all day Tuesday through Thursday. Similarly, this week, Plaintiff is again tied up in a deposition in the Superior Court case. Tuesday was spent in preparation. Tomorrow, Wednesday April 5, Plaintiff's counsel will be attending the deposition of his client in that case.

In addition, there is simply not enough time on Thursday and Friday this week to deal with the issues raised in Defendant's motion. As noted above, Defendant refers to matters outside the complaint thus possibly requiring affidavits in order to successfully oppose the motion.

Further, Plaintiff's counsel will not be able to complete his opposition by next week because that is Easter week. Plaintiff's counsel has plane tickets to spend the Holiday, starting on Thursday, April 13, 2006 with his in-laws in Wilmington, North Carolina. An extension to April 21 will afford Plaintiff's counsel with sufficient time to adequately respond to the Complaint.

Defendant will not be prejudiced by this relief. Defense counsel justified his client's refusal not to consent by claiming that the motion is aimed at limiting the topics of discovery. This may be the case, but appears to be non-responsive in that Defendant's desire to limit discovery should not impact Plaintiff's right to file a proper opposition.

**Plaintiff's Willingness to Grant Defendant's Extensions**

In considering this relief, the Court should be aware that Plaintiff has accommodated several requests for extension made by Defendant. For example, Plaintiff consented to Defendant's request for additional time to file its answer. Plaintiff consented to Defendant's request to postpone the deposition of Plaintiff that Defendant had noticed for March 22, based on an illness in the family of both Defendant's counsel and Defendant's corporate representative. Most recently, last week, Plaintiff consented to Defendant's request for an additional 15 days in which to respond to Plaintiff's pending discovery requests (Defendant's Responses were originally due on March 20th). Clearly, Plaintiff has attempted to work with Defendant to accommodate its and its counsel's schedules. It is unfortunate that Defendant will not return the favor.

Federal Rule of Civil Procedure 6(b)(1) allows the Court, for cause shown, to extend the time to respond with or without motion or notice. Plaintiff respectfully

suggests that cause has been shown in the present matter and that the two week extension to April 21 is justified.  A proposed order is attached.

                Respectfully submitted,

                _____
                Michael G. Kane Bar No 435121
                CASHDAN & KANE, PLLC
                1150 Connecticut Avenue, N.W.
                Suite 900
                Washington, D.C. 20036-4104
                Tel. (202) 862-4330
                Attorneys for Plaintiff
                Norman Morgenstein

Dated:   April 4, 2006