UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN L. MORGENSTEIN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 05-2123 (JR) |
| ) | Status Conf. April 27, 2006 |
| **MORGAN STANLEY DW INC.** ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COUNTS I AND II OF THE COMPLAINT**

The Court should deny Defendant's Motion to Dismiss, on statute of limitations grounds, Count I (disability discrimination) and Count II (refusal to accommodate) of the First Amended Complaint. Accepting the allegations of the Complaint as true and drawing all inferences in favor of Mr. Morgenstein, which is the required analysis, shows that Mr. Morgenstein filed the First Amended Complaint in a timely manner. The 2002 request for accommodation Defendant references does not appear in the Complaint and, therefore, cannot be used as a basis for the statute of limitations argument on a motion to dismiss. Accordingly, the Court should deny the Motion.[1]

---

[1] The 2002 request Defendant relies on is a red herring. In 2002, following Plaintiff's request, Defendant informed Mr. Morgenstein, as well as District of Columbia licensing authorities that he did not need a Series 65 license in order to service the accounts at issue in 2002. In other words, Mr. Morgenstein did not suffer any harm by the denial of the accommodation in 2002 and, therefore, had no reason to bring suit. The accounts that were at issue in 2003 were a new set of accounts that plaintiff had recently inherited from his father, who had just retired from Morgan Stanley. It was highly possible that District law would require the Series 65 to work on these new accounts, which is what led Mr. Morgenstein to request the accomodation. Defendant refused in 2003 to engage in any dialogue with Mr. Morgenstein about the issue and forced him to leave his employment, thus resulting in this lawsuit.

**Factual Background**

As recounted in the First Amended Complaint, Mr. Morgenstein worked for Morgan Stanley and its predecessor companies for over 32 years. First Amended Complaint (FAC) at ¶ 7. Following the removal of an acoustic neuroma from his left inner ear, Mr. Morgenstein was left 90% deaf on that side, suffers partial facial, eye and eyelid paralysis and balance problems. FAC at ¶ 8. This condition substantially limited Mr. Morgenstein's ability to read, including, but not limited to, his ability to focus on what he is reading, and accordingly, his comprehension of the text. Id. at ¶ 9.

In late 2003, Mr. Morgenstein requested that his Branch Manager apply, on Mr. Morgenstein's behalf, for an exemption of the examination requirement for obtaining a Series 65 Investment Counseling license. Id. at ¶ 12.[2]

Mr. Morgenstein informed the Branch Manager that he required a waiver from the examination because of the disability that resulted from the removal of the tumor that had substantially and adversely affected Mr. Morgenstein's ability to read and focus on what he was reading. In other words, as a result of his disability, he could not study for the exam. Id. at ¶ 15.

In order to service some clients, securities laws required Mr. Morgenstein to hold the Series 65 – Investment Counseling license. In relevant part, this counseling license permitted Mr. Morgenstein to introduce and connect clients with investment managers at MS. Id. at ¶ 13. District of Columbia law explicitly permits waivers of the examination

---

[2] Although not part of the complaint, the date of the e-mail containing the request was November 20, 2003. Plaintiff has produced this document in discovery. Defendant made the demand that Mr. Morgenstein leave a few days later.

requirements if certain conditions were met. [D.C. Department of Insurance and Securities Regulation, Ch. 18, Pt. 1860.5.] Under the D.C. law, the individual's employer had to apply for the waiver on the employee's behalf. If the waiver was granted, the need for the examination would be eliminated and the individual would be granted a Series 65 license. Id. at ¶ 14.

Rather than engage in the interactive process required by the D.C. Human Rights Act concerning the request for reasonable accommodation (made by Mr. Morgenstein in late 2003), the Branch Manager, within days of Mr. Morgenstein's request, demanded that Mr. Morgenstein retire and turn over all of his accounts to a co-worker or be immediately fired. Having no choice in the matter, Mr. Morgenstein was forced to resign. Id. at ¶¶ 11, 12, 16.

The regulatory body overseeing the administration of Series 65 licenses in the District explicitly told Mr. Morgenstein that MS should apply for a waiver of the examination requirement on his behalf. Nonetheless, MS refused to apply for the waiver of the examination on his behalf. Id. at ¶ 18.

### THE COUNTS ALLEGED IN THE LAWSUIT

The First Amended Complaint contained the following counts. Count I alleged disability discrimination in violation of the D.C. Human Rights Act. The Count stated in relevant part:

> Plaintiff suffered from a disability as that term is defined in the D.C. Human Rights Act and/or Defendant perceived that Plaintiff suffered from a disability protected by the Act.
>
> MS discriminated against Plaintiff in the terms and conditions of his employment on the basis of disability, in

3

> violation of D.C. Code § 2-1402.11 when it terminated **and** refused to grant his reasonable accommodation, among other things.

Id. at ¶¶ 22-23 (emphasis added).

It is important to note that Count I, which Defendant seeks to have entirely dismissed, alleges that Mr. Morgenstein's termination took place as a result of discrimination <u>and, in addition</u>, that the refusal to grant his accommodation was also discriminatory. Defendant, in its motion to dismiss, ignores this point and argues that the entire Count should be dismissed. Clearly, were the Court to grant the Motion (as explained below, it should not), only that part of Count I referencing the failure to accommodate should be dismissed as that is the only part of the Count Defendant argues should be dismissed on statute of limitations grounds.

Count II, which Defendant also argues should be dismissed, alleges MS discriminated against Plaintiff in the terms and conditions of his employment when it refused to grant him a reasonable accommodation in violation of D.C. Code § 2-1402.11 in late 2003. Id. at ¶ 26.

Finally, Count III alleged that MS retaliated against Plaintiff because he asserted rights protected by the D.C. Human Rights Act in violation of D.C. Code § 2-1402.61 when it forced him to retire or be fired. Defendant's actions amounted to a constructive discharge of Plaintiff and resulted in his involuntary retirement. Id. at ¶ 29. This is the only count that Defendant does not seek to have dismissed.

## ARGUMENT

The Court should deny Defendant's Motion to Dismiss with respect to Counts I and II because the ostensible reason for the Motion – an infirmity in the limitations

4

period – is not apparent on the face of the First Amended Complaint. In making its motion, Defendant relies on documents Plaintiff has produced in discovery. But Defendant cannot rely on documents like this and still keep its motion one to dismiss. Instead, were the Court to consider such documents, it would have to transform the motion into one for summary judgment – an outcome that Defendant, in its brief, asserts that it does not want. Moreover, were the Court to convert the motion in this way, it would have to give notice to the parties of its intentions and require Defendant to comply with the local rules concerning summary judgment. LCvR. 7(h). Accordingly, the Court should deny Defendant's Motion to Dismiss.

### THE STATUTE OF LIMITATION DEFENSE IS NOT APPARENT FROM THE FACE OF THE COMPLAINT AND THEREFORE, IS NOT AN APPROPRIATE SUBJECT FOR A MOTION TO DISMISS.

The statute of limitations is an affirmative defense. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577 (D.C. Cir. 1998); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). It can only be raised in a motion to dismiss if it appears from the face of the complaint that the limitations period has run. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint."); *Papesh v. American Nat'l Can Co.*, 177 F.R.D. 344, 345 (D. Md. 1997).[3] As discussed

---

[3] *See also Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981) ("There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense. Although it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense. The filing of an answer, raising the statute of limitations, allows both parties to make a record adequate to measure the applicability of such a defense, to the benefit of both the trial court and any reviewing tribunal. We do not hold that the use of a motion to dismiss is always improper to raise a statute of limitations defense, but we do suggest that a

below, the face of the complaint does not support Defendant's argument.

The First Amended Complaint states that "in late 2003" Mr. Morgenstein requested a reasonable accommodation. FAC at ¶ 11 and 12. It further states that on November 15, 2004, Mr. Morgenstein filed an administrative complaint with the D.C. Office of Human Rights within one year of the occurrence of the denial. Id. at ¶ 3. As a matter of law, this had the effect of tolling the running of the statute of limitations on his civil action. D.C. Code § 2-1403.16. The First Amended Complaint alleges that Mr. Morgenstein then withdrew his complaint in order to pursue this action. FAC at ¶ 3.

Accepting these allegations as true, which Defendant concedes the Court must do,[4] shows that the statute of limitations defense is not apparent on the face of the document. Indeed, the Court can only grant a motion to dismiss if it has concluded beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Rochon v. Gonzales*, 438 F.3d 1211, 1216 (D.C. Cir. 2006), *citing, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Additionally, the Court must construe the allegations and facts in the First Amended Complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. Id.

Applying this standard means that the Court should conclude that Plaintiff will be able to show that "late 2003", which is when the Complaint states that Plaintiff requested

---

responding party often imposes an undue burden on the trial court and impedes the orderly administration of the lawsuit when he relies on a motion to dismiss to raise such an affirmative defense."); *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985) ("Accordingly, a motion to dismiss may be granted on the basis that the action is time-barred only when it appears from the face of the complaint that the relevant statute of limitations bars the action.")

[4] Defendant's Memorandum of Points and Authorities at 2, note 2 ("Defendant accepts (as it must under Rule 12(b)(6) the allegations in the FAC as true.")

a reasonable accommodation, was within one year of the administrative filing with the D.C. Office of Human Rights. The Superior Court complaint was filed within the remaining limitations period once the administrative complaint was withdrawn and, therefore, was timely.

There is absolutely no support in the Complaint for Defendant's argument that Plaintiff requested a reasonable accommodation in March 2002. This is the central reason why the present matter is distinguishable from the principal case upon which Defendant relies, *Stewart v. District of Columbia*, 2006 WL 626921 (D.D.C. March 12, 2006). In that case, the complaint at issue actually referenced the first reasonable accommodation request. Id at 1 (noting Plaintiff, in her complaint, alleged that she first asked for a reasonable accommodation in January 2002, which was beyond the statute of limitations.) In effect, in the *Stewart* case, the Plaintiff pleaded herself out of court.[5]

By contrast, Mr. Morgenstein's First Amended Complaint is devoid of any reference to a reasonable accommodation request prior to "late 2003." Accordingly, the Court should deny the Motion to Dismiss because the statute of limitations defense is not apparent on the face of the Complaint.

### THE COURT SHOULD HONOR DEFENDANT'S WISHES AND TREAT THE MOTION AS A MOTION TO DISMISS AND NOT AS A MOTION FOR SUMMARY JUDGMENT

Defendant, in relying on matters outside the pleadings, has actually filed a summary judgment motion. Fed. R. Civ. Proc. 56 and Defendant's Memorandum at page

---

[5] Similarly in *Schroeder v. University of Illinois*, 1997 U.S. Dist. LEXIS 758 (D. Ill. 1997) the Court limited itself to the allegations in the complaint. In *Del. State College v. Ricks*, 449 U.S. 250, 257 (U.S. 1980) the Supreme Court also limited its analysis to the allegations in the Complaint.

2, fn. 2 ("This section refers to facts outside of Plaintiff's First Amended Complaint.") However, Defendant expressly urges that the Court should not convert its motion to dismiss into a motion for summary judgment. Defendant's Memorandum at fn. 2. Defendant argues that the documents it relies on, which are documents Mr. Morgenstein produced in discovery "supplement omitted information from the Complaint" and that "inclusion of these facts does not convert this motion to dismiss into a motion for partial summary judgment." Id. However, the Court cannot consider matter outside the pleadings on a motion to dismiss. If it does, the Court should give notice to the parties and require Defendant to re-file its motion in accordance with the local rules concerning summary judgment.

Defendant's own cases show that what they have really filed is a motion for summary judgment. For example, in *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002), the Court stated the general rule that

> the court may only consider the pleading which is attacked by an FRCP 12(b)(6) motion in determining its sufficiency." If the Court were to consider matters outside the pleadings and still keep the motion a motion to dismiss it must limit the matters it reviews to "documents which are attached to or submitted with the complaint, … . Further, documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered. Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.

288 F.3d 548, 560.[6]

---

[6] The other case Defendant cites for its proposition that the Court should treat the present motion as a motion to dismiss was also a situation where the documents relied upon were attached to the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001).

None of these conditions have been met here. The several documents that Defendant attached to its motion to dismiss were not referred to in the First Amended Complaint. Indeed, the First Amended Complaint makes no reference at all to a March 2002 request for reasonable accommodation. Further, the March 2002 request for accommodation is not central to Mr. Morgenstein's claim that he was denied an accommodation in "late 2003." Mr. Morgenstein is suing over the refusal to grant an accommodation in late November 2003.

The Court should not convert the present motion into one for summary judgment because the moving party has specifically requested that it not do so. However, should the Court on its own initiative decide that the motion should be treated as one for summary judgment the rules require that the parties be given notice of such fact and have an opportunity to respond. Rule 12(b)(6) expressly provides that when: matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(b)(6) (emphasis added). *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). *Tele-Communications of Key West, Inc. v. United States*, 757 F.2d 1330, 1334 (D.C. Cir. 1985) ("There are constraints on a court's ability to thus transform a motion to dismiss, however. Specifically, Rule 12(b) provides further that, if a motion to dismiss is converted to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." (Internal citation omitted).; *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1096 (D.C. Cir. 1985) ("The record in this case does not indicate that the

district court gave the plaintiff any such notice and opportunity to present relevant material.") *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982) ("Under the mandatory phrasing of Rule 12(b), the court's failure to provide a fair procedure for submission of affidavits or other factual material is reversible error.")

Defendant must also file a statement of material facts not in dispute under the local rules should the Court convert the present motion. LCvR 7(h).

Accordingly, the Court should not convert the present motion to dismiss into a summary judgment motion. The Court should deny the Motion to Dismiss.

Respectfully submitted,

_____
Michael G. Kane, Bar No. 435121
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4104
Tel. (202) 862-4330

*Attorneys for Plaintiff*

Dated:   April 21, 2006