IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN L. MORGENSTEIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN STANLEY DW Inc. )<br>)<br>Defendant. )<br>) | Civil Action No. 05-2123 JR |

**DEFENDANT MORGAN STANLEY DW, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

Counts I and II of Plaintiff Norman L. Morgenstein's Amended Complaint allege that Defendant Morgan Stanley DW, Inc. failed to accommodate him as required by the DC Human Rights Act ("DCHRA"). Morgan Stanley has moved to dismiss these claims on the ground that they are time-barred by DCHRA's one-year statute of limitations.

Plaintiff's Opposition fails to provide any valid response to Morgan Stanley's motion. Plaintiff asserts that his reasonable accommodation claims are not time-barred because they are not based on the March 2002 denial of accommodation but rather on Morgan Stanley's November 2003 refusal to revisit that decision. Plaintiff also argues that Morgan Stanley's motion to dismiss cannot be granted because it relies on documents outside of the pleadings. These arguments are without merit. First, the law is clear that Plaintiff cannot unilaterally toll or restart the statute of limitations on his claims simply by repeating a request for accommodation that has already been denied. Second, as this Court has recognized in other cases, a defendant may rely on documents outside of the pleadings to support a motion to dismiss if the documents are referred to in the complaint and are central to the claim.

I.  **The Amended Complaint and Documents Central to Plaintiff's Claims Establish that Plaintiff's Reasonable Accommodation Claims Accrued on March 25, 2002.**

Plaintiff argues in his Opposition that Morgan Stanley's denial of his 2002 request for accommodation is a "red herring" because his Amended Complaint is based on the November 2003 denial of this same request. This assertion has no support in law, or in the allegations contained in Plaintiff's own administrative charge and federal court complaint. Plaintiff cannot state a new claim for failure to accommodate based on the November 2003 denial of his request for accommodation, because the accommodation at issue in March of 2002 and in November of 2003 (i.e., that Morgan Stanley apply on Plaintiff's behalf for a waiver of the Series 65 examination) was one and the same. This Court and other federal district courts have consistently rejected the proposition that a plaintiff alleging disability discrimination may create a new cause of action merely by repeating a request that was previously denied by the employer.

The denial of a requested accommodation is a "discrete" act that sets in motion the statute of limitations on the date it occurs. *Stuevecke v. New York Hospital Medical Center of Queens*, 2003 WL 22019073, at *3 (E.D.N.Y. 2003). An employee cannot extend, toll or reset the statute of limitations merely by repeating the very request for accommodation that his employer has previously denied. *Stewart v. District of Columbia*, 2006 WL 626921, at *6 (D.D.C. 2006); *Schroeder v. University of Illinois at Chicago*, 1997 WL 43205, *2 (N.D. Ill. 1997). Nor does a new cause of action accrue each time the employer rejects the employee's requests that it reconsider its decision with regard to an accommodation previously requested by the employee. Id. Plaintiff does not dispute that his March 2002 request that Morgan Stanley apply for a waiver of the Series 65 examination and his November 2003 request that Morgan Stanley reconsider its decision denying his March 2002 request involved the same request for accommodation. Thus, under *Stewart* and *Schroeder*, Plaintiff's assertion that the statute

limitations for his reasonable accommodation claims did not begin to run until Morgan Stanley denied his November 2003 request is without legal support. Plaintiff's failure to accommodate claim accrued on the date Plaintiff first learned of the denial of this request – March 25, 2002.

    Plaintiff attempts to avoid this result by asserting that his cause of action could not have accrued before November of 2003, when he claims he was forced to retire, because he did not suffer any harm from Morgan Stanley's denial of his requests for a waiver of the Series 65 examination until that time. *See* Plaintiff's Opposition, at 1, n.1. The U.S. Supreme Court has rejected this very argument in *Del. State Coll. v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). *Ricks* involved a college's decision denying tenure to a faculty member. Following its decision, the college offered the faculty member a "terminal" contract to teach one additional year. During this terminal contract period the faculty member sought review of the decision denying him tenure through the college's internal grievance procedures. At the close of the grievance proceedings the college issued a decision adhering to its decision denying the faculty member tenure. The faculty member subsequently filed suit against the college, alleging that it had discriminated against him on the basis of his national origin. This complaint was filed roughly thirteen months after the faculty member had originally been denied tenure by the college. The Supreme Court held that the claim was untimely filed on the ground that the limitations period for the faculty member's claims began to run on the date he was first informed of the decision by the college, not when his terminal employment contract expired. *Id.*, 449 U.S. at 259, 101 S.Ct. at 504, 66 L.Ed.2d 431. In so holding, the Court noted that, "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Id.*, 449 U.S. at 258, 101 S.Ct. at 504, 66 L.Ed.2d 431. This Court has recognized that the holding in *Ricks* (i.e., that an adverse employment action occurs on the

3

date the Plaintiff is informed of the employment decision) is now a settled principle of law. *See, e.g.*, *McCants v. Glickman*, 180 F.Supp.2d 35, 40 (D.D.C. 2001)

Plaintiff was first informed in March of 2002 of Morgan Stanley's denial of his request that it apply on his behalf for a waiver of the Series 65 examination. Under *Ricks*, the statute of limitations on this claim therefore began to run in March of 2002, and not in November of 2003 when Plaintiff claims to have experienced the consequences of the denial of his request. Accordingly, the statute of limitations for Plaintiff's claim of failure to accommodate expired on March 25, 2003, long before Plaintiff filed his administrative charge.

Furthermore, both Plaintiff's administrative charge and federal court complaints of disability discrimination themselves allege that Morgan Stanley denied Plaintiff's requests for an accommodation long in advance of his resignation in November of 2003. Plaintiff's Amended Complaint states that:

> prior to his involuntary retirement, Mr. Morgenstein's efforts to maximize his income and exploit professional and personal contacts for his and his employer's benefit were thwarted by MS's refusal to apply for an examination exemption for the Series 65 license, a license required by law.

Complaint at ¶17. Similarly, in his answers to the Intake Questions that he submitted in connection with his administrative charge of discrimination before the OHR, Plaintiff stated that the denial of an accommodation occurred "approximately 1 ½ years prior to 11/24.03." *See* OHR Complaint Form, attached as Ex. 1 hereto.[1] It is evident both from Plaintiff's administrative charge and pleading in this action that Plaintiff's reasonable accommodation

---

[1] Plaintiff cannot argue that Defendant's inclusion of the administrative charge of discrimination and Intake Questions in its motion to dismiss converts Defendant's motion into one for Summary Judgment. Courts may properly consider a plaintiff's administrative complaint and related documents in deciding a motion to dismiss without thereby converting the motion into one for summary judgment. *See Dollinger v. State Ins. Fund*, 44 F.Supp.2d 467, 472 (N.D.N.Y. 1999); *Green v. Term City Inc.*, 828 F.Supp. 584, 587 n.1 (N.D.Ill. 1993).

4

claims concern a request for accommodation that was denied in 2002, and not November of 2003 as Plaintiff asserts in its Opposition.

**II.    The Court May Properly Consider the Exhibits attached to Defendant's Motion to Dismiss Without Converting the Motion into a Motion for Summary Judgment.**

Plaintiff also argues that Morgan Stanley's motion to dismiss should be denied because Morgan Stanley has relied on documents outside of the pleadings, thereby converting the motion into a motion for summary judgment. Plaintiff's assertion flies in the face of Rule 12(b) of the Federal Rules of Civil Procedure as interpreted by the courts. It is well-established that a defendant may attach documents outside of the pleadings without converting a motion to dismiss into one for summary judgment if the documents attached are referred to in the complaint and are essential to the plaintiff's claims. Here, the documents attached to Morgan Stanley's motion are plainly referenced in Plaintiff's Complaint and are essential to Plaintiff's claims. Indeed, the documents attached to Morgan Stanley's motion are the very documents on which Plaintiff bases his claim that Morgan Stanley denied him a reasonable accommodation.

Notwithstanding the assertions in Plaintiff's Opposition, a motion to dismiss is an appropriate means of disposing of claims that are time-barred. *See, e.g., Stewart v. District of Columbia*, 2006 WL 626921, at *6; *Coleman v. Potomac Elec. Power Co.*, 310 F.Supp.2d 154, 160 (D.D.C. 2004). Additionally, the Court need not always convert a motion to dismiss to one for summary judgment, where the moving party attaches documents outside of the pleadings. As Plaintiff admits in his own Opposition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Plaintiff's Opposition, at 8, quoting *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002). *Also see Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192,

1196 (3d Cir. 1993) (a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document). Indeed, this Court has, on a number of occasions, granted motions to dismiss where the moving party attached documents to its motion that were not included in the pleadings. *See, e.g., Cephas v. NVM, Inc.*, 403 F.Supp.2d 17, 20 (D.D.C. 2005) (declining to deny or convert a motion to dismiss to one for summary judgment because the collective bargaining agreement attached to the motion was referred to in the complaint and were central to the plaintiff's claims); *Krooth and Altman v. North American Life Assur. Co.*, 134 F.Supp.2d 96, 99 (D.D.C. 2001) (same); *Sharpe v. National Football League Players' Association*, 941 F.Supp.8, 10 n.1 (D.D.C. 1996) (same).

The documents attached to Morgan Stanley's motion to dismiss are referenced in Plaintiff's complaint and are central to his allegations that Morgan Stanley denied his request for accommodation. Plaintiff's Opposition attempts to obscure this fact by asserting that his Amended Complaint only references his November 2003 request for accommodation and not his 2002 requests. As set forth in detail above, this is plainly inconsistent not only with Plaintiff's Amended Complaint but also the administrative charge on which the Amended Complaint is based.

The email messages that Morgan Stanley has attached as Exhibits 2-4 of its motion comprise Morgan Stanley's communication to Plaintiff of its decision to deny his request for accommodation. As such, Plaintiff's reasonable accommodation claims refer to these email communications and these email communications are essential to Plaintiff's claims that he was denied a reasonable accommodation.[2] The Court may therefore consider the emails without

---

[2] Plaintiff does not dispute that Exhibits 2-4 of Morgan Stanley's motion are true and accurate copies of this email correspondence.

6

converting this motion into one for summary judgment. *See Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999) (personnel manual and various letters and materials produced in course of plaintiff's discharge proceeding were central to plaintiff's claims of tortious interference with employment and could therefore be considered without converting a motion to dismiss into one for summary judgment).

### III. Morgan Stanley Need Not Re-File Its Motion As A Motion For Partial Summary Judgment.

Even if the Court were to determine that Morgan Stanley's motion should be decided as a motion for partial summary judgment, it need not deny the motion and require Morgan Stanley to file a second motion as Plaintiff asserts in his Opposition. Rule 12(b)(6) provides that the Court may in its discretion simply convert the motion into one for summary judgment and provide the parties with notice of its decision and an opportunity to submit evidence in support or opposition to the motion. *See* Rule 12(b) Fed. R. Civ. P. Morgan Stanley's motion contains a statement of all of the facts relevant to the motion with appropriate citations to those documents on which the motion is based, and therefore meets the requirements of Local Rule 7(h). Thus, were this Court to convert the motion to one for summary judgment, it may do so without requiring that the motion be re-filed.[3]

### IV. CONCLUSION

For these reasons, Defendant seeks dismissal of Plaintiff's claims for failure to accommodate (Count II) and that portion of his claim for disability discrimination (Count I) that alleges failure to accommodate.

---

[3] Were the Court to convert Morgan Stanley's motion to dismiss to one for summary judgment, Morgan Stanley reserves the right to bring another motion for summary judgment at the close of all discovery with respect to Plaintiff's other claims.

Case 1:05-cv-02123-JR    Document 13    Filed 05/01/2006    Page 8 of 8

| | |
|---|---|
| Date: May 1, 2006 | Respectfully submitted, |

_____
John F. Scalia (admitted *pro hac vice*)
Maria E. Hallas, D.C. Bar 436529
Matthew H. Sorensen, D.C. Bar 492130
**Greenberg Traurig LLP**
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C.  20006
(202) 533-2312 (office)
(202) 261-2668 (fax)

*Counsel for Defendant*
*Morgan Stanley DW Inc.*