IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN L. MORGENSTEIN )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN STANLEY DW, INC. )<br>)<br>    Defendant. )<br>) | Civil Action No. 05-2123 (JR) |

**CONSENT PROECTIVE ORDER AS TO THE
PRODUCTION OF CONFIDENTIAL DOCUMENTS**

The parties to this action expect discovery to require the production of information and documents containing or comprising trade secrets and sensitive proprietary and business, personal and medical information of the parties and non-parties. Accordingly they jointly request that this Consent Protective Order be entered by the Court, pursuant to Fed. R. Civ. P. 26(c).

As used herein, the word(s) "document" or "documents" shall be taken to mean (a) any handwritten, printed, typed, telefaxed, telexed, photographed, recorded or graphic matter of any nature whatsoever, including the original, all drafts, all preparatory work sheets, all non-identical copies and all information stored electronically or on computer disk of any kind, including, without limitation, all letters, correspondence, telegrams, teletypes, cables, telex messages, faxes, electronic mail ("e-mail") and voice mail transmissions, agreements, contracts, studies, reports, price lists, quotations, memoranda, transcripts of telephone and other conversations and communications, handwritten or printed notes, minutes, inter- or intra-office communications, revisions, resolutions, journal entries, office diaries, work papers, summaries, opinions, analyses, evaluations, agendas,

bulletins, books, checks, statements, accounts, budgets, audits, financial statements, audio or visual recordings, lists or tabulations produced, furnished by, or obtained from the parties pursuant to discovery in this action on or after the date this action was filed; (b) all copies extracts, and complete or partial summaries prepared from such documents; (c) portions of deposition transcripts and exhibits thereto which quote or reference directly the text of any such papers, documents, copies, extracts or summaries, (d) portions of briefs, memoranda, or any other writings filed with the court and exhibits thereto, which quote or reference the contents of any such papers, documents, copies, extracts, or summaries.

IT IS HEREBY ORDERED that:

1. In disclosing or producing in this action any document which the disclosing or producing party or nonparty in good faith believes comprises or contains trade secrets and/or other proprietary, confidential, non-public information relating to the disclosing or producing party's or nonparty's business or customer, personal and/or medical information, such disclosing or producing party or nonparty may designate such material, in whole or in part, as "CONFIDENTIAL." The marking shall state "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party. The marking of any material in accordance with this subparagraph will be a representation by counsel that the materials meet the standards of this subparagraph.

2. The designations described in subparagraph (1) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend. If not practical to so mark the material itself, a container for or a tag attached to

the material shall be so marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this litigation for any purpose, but this shall not prevent admissibility of any material as evidence in accordance with this Order.

   3. In lieu of marking the original of a document or other material prior to inspection, the producing party or its counsel may orally designate any document or other material being produced for inspection by counsel for a party as CONFIDENTIAL, thereby making it, and the information it contains, temporarily subject to this Protective Order. However, each copy of such document or other material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL as required by this Protective Order at the time it is so delivered in order to make the document and copies subject to this Protective Order. The party or nonparty who produces or discloses its own confidential material is not precluded by this Protective Order from disclosing or using that material in any manner as it may deem fit and if so disclosed or used, may be used by any other party in the same manner.

   4. If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding CONFIDENTIAL material, then only persons designated in paragraph 7 below (and the deponent's counsel in the case of a separately represented party) shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL material to any person to whom disclosure is prohibited under this Protective Order.

5. With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action, counsel for such party may, in the exercise of counsel's independent good faith judgment, at the deposition designate the deposition as CONFIDENTIAL and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or may have until two (2) business days after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL. No such deposition transcript shall be disclosed to any person other than persons described in paragraph 7 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these two (2) business days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraph 7 during said two (2) business days. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

6. All material designated CONFIDENTIAL as provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons who are entitled to have access to such material pursuant to paragraph 7 below, unless and until the restrictions herein are removed by an order of the Court or by written stipulation of the parties.

7. Access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

    (a) the parties in this action and their counsel of record, including their partners, counsel and associates who assist them in this matter;

    (b) the clerical employees of such outside counsel of record (including secretaries, paralegals, and clerks) actually assisting such counsel in connection with this case;

    (c) independent copy and litigation support services solely for purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the litigation;

    (d) non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case.

    (e) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Protective Order;

    (f) the Court;

    (g) Court personnel involved with this case;

    (h) members of the jury in this case;

    (i) witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing; and

(j) any other individuals with prior written consent by both parties or by order of the Court.

Any person to whom disclosure is made shall be furnished with a copy of this Protective Order and shall be subject thereto.

8. Each recipient of material designated CONFIDENTIAL shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

9. Except upon consent of the designating party or upon order of the Court, any and all materials designated CONFIDENTIAL produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used in accordance with this Order only for preparation and presentation of this action, including use as evidence and/or in connection with deposition testimony and trial testimony, and for no other purpose whatsoever.

10. Any document filed with the Court shall be clearly marked "CONFIDENTIAL" and shall be kept by the Clerk under seal and made available only to Court and persons authorized by the terms of this Protective Order to have access thereto. The person filing any such designated documents shall inform the Clerk that all or designated portions thereof are subject to this Protective Order and are to be kept under seal, except that upon the default of the filing party to so inform the Clerk, any party may do so.

11.     Nothing in this Protective Order shall be construed to prevent any party to this action from opposing the designation of materials as CONFIDENTIAL. A party opposing the designation of materials as CONFIDENTIAL shall serve a written objection, including a statement of the grounds for the objection, on the designating party. The designating party will have three (3) business days following the receipt of the objection to withdraw its CONFIDENTIAL designation. If the CONFIDENTIAL designation is not withdrawn, the objecting party may move the Court for an order removing the CONFIDENTIAL designation. Failure to so object or move shall not constitute an admission that the material was properly designated.

12.     Within sixty (60) days after final termination of this action, all materials designated CONFIDENTIAL that have been produced, served or otherwise made available by the designating party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the designating party, at the receiving party's election, except that counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, depositions, discovery responses, and correspondence designated CONFIDENTIAL or incorporating information or materials designated CONFIDENTIAL.

13.     Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party from designating said document or material "CONFIDENTIAL". Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of material, the party receiving such material shall take reasonable steps to

comply with the redesignation including, without limitation, retrieving all copies and excerpts of any redesignated material from persons not entitled to receive it. Any such redesignation shall have only a prospective effect on the parties' treatment and handling of the subject material, and shall not serve as a basis to in any way prejudice or penalize the non-producing party's prior treatment or handling of the subject material. If the non-redesignating party objects to the redesignation, it must provide written notice of and basis for its objection within 2 business days of the redesignation; if the parties' counsel are unable to resolve the matter themselves, the redesignating party shall, within 5 business days upon such impasse, file a motion with the Court seeking an order redesignating the subject material. The redesignation shall remain in effect, and be complied with by the parties, until the Court issues its order. If the redesignating party fails to file a motion within 5 business days of impasse, the redesignation shall no longer apply.

14. If material or information designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own party or on the part of the recipient of such information or material.

15. Nothing in this Protective Order shall be construed as requiring disclosure of material not otherwise discoverable, such as privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

16. Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

17. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

18. This Protective Order shall remain in effect after the final termination of this action, unless otherwise ordered by the Court.

19. This Order is without prejudice to the right of any party to make modification or amendment of this Order by further order of the Court upon motion and notice.

SO ORDERED this _____ day of _____, 2005.

_____
District Court Judge Presiding

AGREED AND CONSENTED TO:

| _____/s/_____. | _____/s/_____. |
|---|---|
| Michael G. Kane, Bar No. 435288 | John F. Scalia (admitted *pro hac vice*) |
| CASHDAN & KANE, PLLC | Maria E Hallas D.C. Bar 436529 |
| 1150 Connecticut Avenue, N.W. | Matthew H. Sorensen D.C. Bar 492130 |
| Suite 900 | 1750 Tysons Boulevard, 12th Floor |
| Washington, D.C. 20036-4129 | Tysons Corner, Virginia  22102 |
| Tel. (202) 862-4330 | Phone: (703) 749-1300 |
| Fax. (202) 862-4331 | Fax: (703) 749-1301 |
| *Counsel for Plaintiff Norman Morgenstein* | *Counsel for Defendant Morgan Stanley DW, Inc.* |