# DEFENDANT'S EXHIBIT 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NORMAN L. MORGENSTEIN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-2123 (JR)** |
| | ) | |
| **MORGAN STANLEY DW, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT MORGAN STANLEY DW, INC.'S
### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26, 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and

LCvR 26.2, Defendant Morgan Stanley DW, Inc. ("Defendant" or "Morgan Stanley" or

"Company") hereby objects and responds to the First Set of Interrogatories of Plaintiff Norman

L. Morgenstein ("Plaintiff"). Any responses provided herein are limited to information within

Defendant's possession, custody, control or knowledge. Discovery in this matter is continuing,

and Defendant will supplement or correct the responses set forth below as appropriate and

necessary if additional information becomes available that is not otherwise made known to

Plaintiff.

### GENERAL OBJECTIONS

1.    The answers and objections to these Interrogatories are made solely for the

purposes of this action. Each answer is subject to all objections as to competence, relevance,

materiality, propriety and admissibility, and any and all other objections and grounds that would

require the exclusion of any statement if any Interrogatories asked of, or any statements

contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.    Defendant objects to Plaintiff's instructions and definitions to the extent: (a) they seek to change, expand, or enlarge Defendant's obligations under Rules 26 and 33 of the Federal Rules of Civil Procedure, and/or any other applicable federal or Local Rules of procedure governing discovery; (b) they alter and therefore obscure the plain and specific meaning of many words that appear in the document requests; and (c) a literal application of the instructions and definitions to the Interrogatories unduly expands the scope of each inquiry to include information irrelevant to this lawsuit. Therefore, to the extent that responses are provided, Defendant will respond to each Interrogatory according to the ordinary and generally accepted definitions of the words used without regard to Plaintiff's instructions and definitions, and in accordance with the obligations imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the District of Columbia and relevant case law.

3.    Defendant objects to each of Plaintiff's definitions of "Identify" on the grounds that they are overly broad, unduly burdensome, and/or seek confidential information regarding third parties, the release of which would violate such individuals' rights to privacy.

4.    Defendant objects to any Interrogatory, definition, and/or instruction that seeks: (a) information prepared in anticipation of litigation or for trial; (b) information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege; and/or (c) disclosure of counsel's mental impressions, conclusions, opinions, or legal theories.

5.    Defendant objects to any Interrogatory, definition, and/or instruction that seeks: (a) information that is in any way duplicative, overbroad, annoying, oppressive, unduly

burdensome, or expensive to Defendant; and/or (b) information that is obtainable from some

other source (i.e., as a matter of public record) that is more convenient, less burdensome, less

expensive, and as easily accessible and available to Plaintiff.

6.      Defendant objects to any Interrogatory, definition, and/or instruction that seeks

information that is not relevant to the claims and defenses at issue in this litigation, and/or is

otherwise beyond the scope of discovery permitted under the Federal Rules of Civil Procedure

and/or the Local Civil Rules of the U.S. District Court for the District of Columbia.

7.      Defendant objects to Plaintiff's Interrogatories to the extent they seek documents

and information throughout the Company beyond the facts, events, and circumstances leading to

Plaintiff's retirement.

8.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek

information from individuals or entities other than Defendant, and/or that is not within

Defendant's possession, custody, control, or knowledge.

9.      Defendant objects to Plaintiff's Interrogatories to the extent that they are vague

and ambiguous or fail to describe the information sought with sufficient particularity to allow for

a meaningful response by Defendant.

10.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek the

production or disclosure of Defendant's confidential, trade secret, or other proprietary

information.  Defendant further objects to these Interrogatories on the grounds that they seek

confidential and sensitive financial, proprietary and other commercial information pertaining to

Defendant's business.  Defendant will not produce any such information unless and until the

Court enters an appropriate protective order preventing Plaintiffs from disclosing the documents,

and the information contained there, to any third parties to this litigation and otherwise adequately protecting Defendant's business interests.

11.    Defendant objects to Plaintiff's Interrogatories to the extent that they seek information relating to matters that are not raised in the pleadings, on the grounds that such Interrogatories are not relevant to the claims and defenses at issue in this action or not reasonably calculated to lead to the discovery of admissible evidence.

12.    Defendant objects to Plaintiff's Interrogatories to the extent that they seek information already produced by Defendant in its Initial Disclosures and/or in response to Plaintiff's discovery requests.

13.    Defendant objects to the specified time period covered by Plaintiff's Interrogatories to the extent that it is overbroad and unduly burdensome, and seeks the production of information that is not relevant to the claims or defenses at issue in the present case, and is not likely to lead to the discovery of admissible evidence.

14.    Defendant's objections are based upon the best information presently available. Defendant reserves the right to interpose additional objections and/or move for the entry of an appropriate protective order if necessary.

15.    Discovery is in its preliminary stages, and Defendant has not fully completed discovery and has not completed its preparation for trial. Defendant's answers to these Interrogatories are based on information presently available to Defendant, and, except for explicit facts admitted herein, no incidental or implied admissions are intended thereby. The fact that Defendant has answered or objected to any Interrogatory or part thereof is not intended and shall not be construed to be an admission that Defendant accepts or admits the existence of any

fact set forth or assumed by such Interrogatories and that such answer or objection constitutes

admissible evidence.  The fact that Defendant has answered part or all of any Interrogatory is not

intended and shall not be construed to be a waiver by Defendant of all or any part of any

objection to any Interrogatory.

16.     The foregoing General Objections are incorporated by reference into each and

every response to Plaintiff's First Set of Interrogatories.  Defendant's Specific Objections set

forth in response to each document request below shall not be construed as a waiver of these

General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**1.      Identify all deficiencies, if any, in Plaintiff's job performance and attach or
identify all documents that refer, regard or relate to those deficiencies.**

In addition to its General Objections, Defendant objects to this Interrogatory on the

grounds that the phrases "deficiencies" and "refer, regard or relate to" are impermissibly vague

and ambiguous.  Defendant also objects to this Interrogatory on the grounds that it is overly

broad and unduly burdensome.  Subject to and without waiving its general and specific

objections, Defendant responds as follows:

Throughout his employment Plaintiff was combative and insubordinate with Defendant

and the Branch Manager for Defendant's Washington, DC office, Mr. Ronald Masci.   Plaintiff

frequently refused to follow Company policies without justification.  Among other things,

Plaintiff refused to use Defendant's e-mail system for a substantial period of time, despite the

fact that this e-mail system was a vital form of communication for Defendant's employees.

Plaintiff was admonished both orally and in writing for his failure to follow Defendant's dress

policy on multiple occasions.  Plaintiff was also admonished for violating Defendant's Code of

Conduct following an incident in which he sent an offensive e-mail message to an outside vendor used by the Company to facilitate its continuing education programs. Plaintiff was also reprimanded for regularly failing to attend mandatory branch meetings.

The most significant deficiency in Plaintiff's performance, however, was his continuing failure to improve his unacceptably low level of production. At the close of the 2003 fiscal year, Plaintiff's total gross revenue production was only $112,842, from which he earned only $18,427 in commissions. To put this number into context, in connection with Defendant's 2002 reduction in force one of the layoff groups initially identified was Financial Advisors with 8 or more years of experience who had generated less than $120,000 in gross revenue (annualized for 2002); in connection with Defendant's 2005 reduction in force one of the layoff groups initially identified was Financial Advisors with 8 or more years of experience who had generated less than $225,000 in gross revenue (annualized for 2005).

In addition, Defendant is producing numerous non-privileged documents in response to Plaintiff's document requests from which the answer to this Interrogatory may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

2.    **Identify all meetings (whether in person or telephonic and whether formal or informal) in November 2003 where Plaintiff was discussed, and include in your answer where and when the meeting took place, those present at the meeting, the substance of the conversation at the meeting, and identify or attach all documents that record, reflect, or refer to such meetings.**

In addition to its General Objections, Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant also objects to this Interrogatory to the extent that it seeks the disclosure of any documents or information protected from disclosure by the attorney-client or attorney-work product privileges. Furthermore, because

- 6 -

the Interrogatory is not limited to meetings pertaining to Plaintiff's resignation and/or requests for accommodation, it seeks information that is neither relevant to the claims and defenses at issue in this case nor reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiving its general and specific objections, Defendant responds as follows:

Plaintiff met with Mr. Masci and Matthew Ridnouer in November of 2003 in the Company's Washington, DC office regarding his requests that the Company apply for a waiver of the Series 65 examination requirement on his behalf and Plaintiff's unacceptably low level of production. During the meeting Mr. Masci informed Plaintiff, once again, that the Company would not change its decision not to apply on his behalf for a waiver of the Series 65 examination requirement. Mr. Masci also informed Plaintiff that his gross revenue production remained unacceptably low, and counseled Plaintiff that if he did not improve his performance, there was a risk that his employment could be terminated if the Company or the Region were to implement a future reduction in force, similar to the one it had implemented in 2002.[1] In an effort to assist Plaintiff economically, Mr. Masci suggested that Plaintiff consider the possibility of retiring and entering what is known in the Company as the "Sunset Program." The Sunset Program allows retired Financial Advisors to continue to receive a stream of revenue income from accounts they managed prior to their retirement and that subsequent to their retirement are managed by one or more of the Company's active Financial Advisors. Plaintiff refused to enter such an agreement. However, he ultimately made the decision to voluntarily retire from his

---

[1] As set forth above, in Morgan Stanley's 2002 reduction in force, one of the layoff groups initially identified was Financial Advisors with 8 or more years of experience who had generated less than $120,000 in gross revenue (annualized for 2002)

employment with Defendant.  This decision was made freely and without coercion from

Defendant.

In addition, Defendant is producing numerous non-privileged documents in response to

Plaintiff's document requests from which the answer to this Interrogatory may be derived or

ascertained in accordance with Fed. R. Civ. P. 33(d).

**3.      Identify whether Plaintiff was replaced after he left Defendant's employ, i.e.
whether a person was hired to fill Plaintiff's position or a substantially
similar position after Plaintiff left, and, if Plaintiff was replaced, include in
your answer the name of the person replacing Plaintiff, when that person
was first contacted concerning the position, when she or he started working,
her or his disability status, and her or his prior employment, and identify
and attach all documents that record, reflect, or refer to Plaintiff's
replacement.**

In addition to its General Objections, Defendant objects to this Interrogatory on the

grounds that the phrases "replaced" and "substantially similar position" are impermissibly vague

and ambiguous.  The Interrogatory is also overbroad and unduly burdensome in that it is not

limited as to time or the particular office and position in which Plaintiff worked.  Subject to and

without waiving its general and specific objections, Defendant responds as follows:

Following Plaintiff's resignation, Defendant did not hire any person(s) to fill Plaintiff's

position or a substantially similar position.

**4.      Identify all facts that support your reasons for requesting that Plaintiff retire
in late 2003.**

In addition to its General Objections, Defendant objects to this Interrogatory because it

improperly assumes that Defendant requested that Plaintiff retire.  Subject to and without

waiving its general and specific objections, Defendant responds as follows:

Defendant did not request that Plaintiff retire in 2003.  *See* Defendant's Answer,
Paragraphs 11 and 16.

**5.    Identify all of Defendant's policies regarding requests for reasonable accommodation.**

In addition to its General Objections, Defendant objects to this Interrogatory on the
grounds that the phrases "regarding" and "requests for reasonable accommodation" are
impermissibly vague and ambiguous.  Additionally, to the extent that the Interrogatory seeks
specific policies regarding requests for accommodations that are not related to an employee's
disability, the request is overly broad and unduly burdensome and seeks information that is
neither relevant to the claims and defenses at issue in this litigation nor reasonably calculated to
lead to the discovery of relevant admissible evidence.  Subject to and without waiving its general
and specific objections, Defendant responds as follows:

Defendant is producing numerous non-privileged documents in response to Plaintiff's
document requests from which the answer to this Interrogatory may be derived or ascertained in
accordance with Fed. R. Civ. P. 33(d).

**6.    Identify standards and policies Defendant employs when evaluating requests for reasonable accommodation.**

In addition to its General Objections, Defendant objects to this Interrogatory on the
grounds that the phrases "standards," "evaluating" and "requests for reasonable accommodation"
are impermissibly vague and ambiguous.  To the extent that the Interrogatory seeks specific
policies regarding requests for accommodations that are not related to an employee's disability,
the request is overly broad and unduly burdensome and seeks information that is neither relevant
to the claims and defenses at issue in this litigation nor reasonably calculated to lead to the

discovery of relevant admissible evidence.  Defendant also objects on the grounds that this

Interrogatory duplicates Interrogatory Number 5.  Subject to and without waiving its general and

specific objections, Defendant responds as follows:

Defendant is producing numerous non-privileged documents in response to Plaintiff's

document requests from which the answer to this Interrogatory may be derived or ascertained in

accordance with Fed. R. Civ. P. 33(d).

> 7.    **Identify the standards and/or policies that Defendant employs when an
> employee requests that Defendant apply, on the employee's behalf, for a
> waiver from the requirement of taking the Series 65 exam.**

In addition to its General Objections, Defendant objects to this Interrogatory on the

grounds that the phrases "standards" and "waiver" are impermissibly vague and ambiguous.  To

the extent that the Interrogatory seeks specific policies regarding requests that the Company

apply on an employee's behalf for a waiver of the Series 65 examination that are not related to an

employee's disability, the request is overly broad and unduly burdensome and seeks information

that is neither relevant to the claims and defenses at issue in this litigation nor reasonably

calculated to lead to the discovery of relevant admissible evidence.  Defendant also objects to

this Interrogatory to the extent that it duplicates Interrogatories No. 5 and 6.  Defendant further

objects to this Interrogatory on the grounds that, as worded, it is unintelligible.  Subject to and

without waiving its general and specific objections, Defendant responds as follows:

Defendant has no formal policies specific to the evaluation of requests that Defendant

apply for a waiver of the Series 65 examination requirement on behalf of its employees.  To the

extent that Defendant employs any policies or standards with respect to the evaluation of such

requests by otherwise qualified disabled employees who establish that, because of their

disability, the request is necessary to allow them to perform their work, Defendant employs those policies identified in response to Interrogatory No. 5 above. In addition, Defendant has referred employees who request disability based accommodations for examinations administered by the NASD to the NASD's policies and procedures with regard to such requests.

**8.    Identify all communications between Defendant and personnel from the D.C. DISR that record, reflect, or refer to Plaintiff.**

In addition to its General Objections, Defendant objects to this Interrogatory on the grounds that the phrases "record, reflect or refer" are impermissibly vague and ambiguous, and render the Interrogatory overly broad and unduly burdensome. The Interrogatory is also overly broad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses at issue in this litigation nor reasonably calculated to lead to the discovery of relevant admissible evidence, because it is not limited to communications pertaining to Plaintiff's requests for a waiver of the Series 65 examination. Subject to and without waiving its general and specific objections, Defendant responds as follows:

Defendant is producing numerous non-privileged documents in response to Plaintiff's document requests from which the answer to this Interrogatory may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

**9.    Identify all facts relevant to Plaintiff's claims and Defendant's defenses.**

In addition to its General Objections, Defendant objects to this Interrogatory on the grounds that it is impermissibly vague and ambiguous, and overly broad and burdensome. Defendant also objects on the grounds that Plaintiff's claims and Defendant's defenses are not yet clear. Subject to and without waiving its general and specific objections, Defendant responds as follows:

- 11 -

Defendant incorporates herein by reference its Answer to Plaintiff's Amended Complaint and its Initial Disclosures and its Responses to Interrogatories No. 1-8, 11, and 12.

Plaintiff was hired as a trainee by Defendant's predecessor company Reynolds Securities, Inc. in October of 1971. After participating in a training program operated by Reynolds Securities, Inc., Plaintiff was awarded the position of Financial Advisor (a position previously entitled Account Executive). Plaintiff held this position until he retired from his employment with Defendant on December 31, 2003.

On information and belief, in 1996 Plaintiff underwent surgery to remove an acoustic neuroma from his left inner ear. Following his recovery from his surgery, Plaintiff returned to his position as a Financial Advisor with Defendant. Upon his return, Plaintiff was allowed to work a flexible schedule in order to accommodate his recovery.

In the mid to late 1990's a change in securities laws/regulations led to a new requirement that any financial advisor who performs investment advisory services or acts as an investment advisor representative had to obtain a Series 65 Investment Advisor license in his or her home state. Investment advisory services are, however, only one of many services that Defendant's Financial Advisors can perform. Furthermore, because a Series 65 license is required only for the performance of investment advisory services, whereas other services such as investment brokerage can be performed without such a license, this license was not, and still is not, essential to the work of the Financial Advisor position. Accordingly Defendant's Financial Advisors, including Plaintiff, could and still can maintain thriving practices without ever obtaining a Series 65 license.

In Plaintiff's case, the change in securities laws/regulations required him to obtain a Series 65 license in the District of Columbia in order to provide investment advisory services or act as an investment advisor representative.  In order to obtain such a license from the District of Columbia, Plaintiff was required to take and pass the series 65 examination.

Although Plaintiff did not need to obtain a Series 65 license to generate revenue as a Financial Advisor, he nonetheless sought such a license.  When Plaintiff was informed that he would have to take the Series 65 examination in order to obtain the Series 65 license, he insisted that he could not study for the examination due to an alleged disability, and further insisted that Defendant apply on his behalf for an exemption from the Series 65 examination.  This first occurred in 1998 or 1999.

When Plaintiff raised the issue of his alleged disability, Defendant requested that he provide some medical documentation pertaining to his condition and the requested accommodation.  In response to this request Plaintiff produced a Supplementary Neurosurgical Report dated December 27, 1999.  This Report provided virtually no useful information regarding Plaintiff's alleged medical condition or his requested accommodation.   However, Plaintiff failed to provide any such further documentation.  Based on Plaintiff's failure to provide the medical information requested by Defendant and his own characterizations of his condition, Defendant determined that the accommodation Plaintiff was seeking was neither reasonable nor necessary.

In April of 2001 Plaintiff applied on his own for a waiver of the Series 65 examination requirement.  In response to his request for a waiver, the D.C. Department of Insurance and Securities Regulation expressed concerns about Plaintiff's ability to perform the work of an

- 13 -

Investment Advisor and requested additional information regarding his medical condition.

Plaintiff failed to provide any such information.  Furthermore, based on the information Plaintiff

provided in his letters to the Department of Insurance and Securities Regulation, the Department

of Insurance and Securities Regulation rejected his request for a waiver of the Series 65

examination requirement on October 2, 2001.

      Thereafter, in early 2002 Plaintiff renewed his requests that Defendant apply for a waiver

of the Series 65 examination on his behalf.  Although Defendant provided Plaintiff with forms

for him to fill out regarding his request for accommodation, Plaintiff failed and/or refused to

provide any of the information required in these forms.  On March 25, 2002 Plaintiff was

informed by e-mail that his request for waiver had been denied.  Thereafter, Plaintiff repeatedly

requested that Defendant reconsider its decision.  However, each time Plaintiff made these

requests Defendant informed him that it would not change its position.  Defendant based its

decision not to change its position with regard to Plaintiff's requests on:  (1) Plaintiff's failure to

tender any medical documentation to demonstrate that he actually was disabled; (2) Defendant's

determination that in spite of Plaintiff's alleged medical condition he could perform the essential

functions of his work without a Series 65 license; and (3) Defendant's determination that

Plaintiff's requests for accommodation (i.e., that Defendant apply for a waiver of the Series 65

examination requirement on his behalf) were unreasonable and unnecessary.

      Despite the fact that Plaintiff did not obtain a Series 65 license, he was properly licensed

to perform brokerage work and other services commonly performed by Financial Advisors, for

which the Series 65 examination is not necessary.  Although Plaintiff was fully capable of

operating a successful practice as a Financial Advisor without a Series 65 license, his level of

- 14 -

gross revenue production was unacceptably low. In the 2003 fiscal year, Plaintiff produced only $112,842 in gross revenue.

In light of Plaintiff's poor performance Mr. Masci arranged a meeting with Plaintiff in November of 2003 to discuss his future with Defendant. During the meeting Mr. Masci informed Plaintiff that his revenue production remained unacceptably low and that if he did not improve his revenue production, there was a risk that his employment could be terminated if the Company or the Region were to implement a reduction in force at some time in the future. In an effort to assist Plaintiff economically, Mr. Masci suggested that he consider the possibility of retiring and entering the "Sunset Program." Plaintiff refused to enter the "Sunset Program," because the agreement contained provisions which prohibited Plaintiff from disparaging Defendant. However, Plaintiff ultimately made an informed decision, free from any coercion by Defendant, to retire from his employment in early December of 2003.

In addition, Defendant is producing numerous non-privileged documents in response to Plaintiff's document requests from which the answer to this Interrogatory may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

**10.    Identify all persons who hold or who have held a Series 65 license since 1995 to the present and who have also worked in the DC office during that time period.**

In addition to its General Objections, Defendant objects to this Interrogatory on the grounds that it is impermissibly vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that it violates the right of privacy of its employees. The Interrogatory is also overly broad and unduly burdensome and seeks information that is neither

relevant to the claims and defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant stands on its objections to this Interrogatory.

**11.    Identify all reasons why Defendant did not apply for an exemption from the requirement to take the Series 65 license on behalf of Plaintiff.**

In addition to its General Objections, Defendant objects to this Interrogatory on the grounds that it is impermissibly vague and ambiguous.  Defendant also objects to this Interrogatory on the grounds that it incorrectly assumes that Plaintiff was required to take the Series 65 examination as a term or condition of his employment.  Subject to and without waiving its general and specific objections, Defendant incorporates herein by reference its response to Interrogatory No. 9.

**12.    Identify all occasions when Defendant applied for an exemption on behalf of an employee from the requirement that the employee sit for an exam.**

In addition to its General Objections, Defendant objects to this Interrogatory on the grounds that it is impermissibly vague and ambiguous.  Defendant also objects to this Interrogatory on the grounds that it violates the right of privacy of its employees.  Defendant further objects to the Interrogatory on the grounds that it seeks information that is neither relevant to the claims and defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, because the Interrogatory is not limited to applications for exemptions from the Series 65 licensing examination submitted on behalf of employees in the office in which Plaintiff worked.  Subject to and without waiving its general and specific objections, Defendant responds as follows:

Mr. Masci, the Branch Manager for the office in which Plaintiff worked, has never requested an exemption from the Series 65 examination or any other licensing examination on

behalf of any employee for whom he is responsible and has denied a similar requests by a non-disabled employee.

Respectfully Submitted,

John Scalia (admitted *pro hac vice*)
Maria Hallas (D.C. Bar No. 436529)
Matthew Sorensen (D.C. Bar No. 492130)
**GREENBERG TRAURIG, LLP**
800 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 533-2312
Fax:  (202) 261-2668
Counsel for Defendant Morgan Stanley DW, Inc.

- 17 -

## VERIFICATION

I, Rebecca Kersten, declare:

I am  Vice President of Human Resources for the Defendant in the above litigation.  I have read **Defendant Morgan Stanley DW, Inc.'s Responses to Plaintiff's First Set of Interrogatories** and know the contents to be true and correct to the best of my knowledge, except as to matters which are stated therein on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of April, 2006, at Atlanta, Georgia.

_____
Rebecca Kersten

## **VERIFICATION**

I, Rebecca Kersten, declare:

I am  Vice President of Human Resources for the Defendant in the above litigation.  I have read **Defendant Morgan Stanley DW, Inc.'s Responses to Plaintiff's First Set of Interrogatories** and know the contents to be true and correct to the best of my knowledge, except as to matters which are stated therein on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of April, 2006, at Atlanta, Georgia.

_____
Rebecca Kersten

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 18, 2006, a copy of the foregoing

DEFENDANT MORGAN STANLEY DW, INC.'S RESPONSES TO PLAINTIFF'S FIRST

SET OF INTERROGATORIES was duly served upon the following parties of record by

Facsimile and First Class Mail, addressed as shown below:

> **Michael G. Kane**
> **Cashdan & Kane, PLLC**
> **1150 Connecticut Avenue, N.W., Suite 900**
> **Washington, DC 20036-4104**

_____
Matthew H. Sorensen

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NORMAN L. MORGENSTEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2123 (JR) |
| | ) | |
| MORGAN STANLEY DW, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MORGAN STANLEY DW, INC.'S SUPPLEMENTAL
AND AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Pursuant to Rules 26, 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and

LCvR 26.2, Defendant Morgan Stanley DW, Inc. ("Defendant" or "Morgan Stanley" or

"Company") hereby provides supplemental and amended responses to Plaintiff Norman

Morgenstein's ("Plaintiff's") First Set of Interrogatories subject to and without waiving its

previously interposed General and Specific Objections thereto.  Any responses provided herein

are limited to information within Defendant's possession, custody, control or knowledge.

Discovery in this matter is continuing, and Defendant will supplement or correct the responses

set forth below as appropriate and necessary if additional information becomes available that is

not otherwise made known to Plaintiff.

**INTERROGATORIES**

7.    **Identify the standards and/or policies that Defendant employs when an
employee requests that Defendant apply, on the employee's behalf, for a
waiver from the requirement of taking the Series 65 exam.**

Defendant hereby reasserts any and all of its General and Specific Objections to this

Interrogatory as set forth in its original Responses to Plaintiff's First Set of Interrogatories.

Subject to and without waiving these objections, Defendant hereby supplements its original response as follows:

Defendant has no written policies specific to the evaluation of requests that it apply for a waiver of the Series 65 examination requirement on behalf of its employees; however, Defendant's general practice is not to apply for waivers of this examination requirement. In addition, in evaluating any request for a waiver of the Series 65 examination by an employee who is a qualified individual with a disability (within the meaning of the ADA or equivalent state law), Defendant would employ its policies and practices for evaluating such disability-based accommodation requests. Defendant has referred employees who request disability-based accommodations for examinations administered by the NASD (including the Series 65 examination) to the NASD's policies and procedures with regard to such requests.

**9.    Identify all facts relevant to Plaintiff's claims and Defendant's defenses.**

Defendant hereby reasserts any and all of its General and Specific Objections to this Interrogatory as set forth in its original Responses to Plaintiff's First Set of Interrogatories. Subject to and without waiving these objections, Defendant hereby amends its original response as follows:

In its original response to this Interrogatory, Defendant stated that Plaintiff first requested that Defendant apply on his behalf for an exemption from the Series 65 examination requirement in 1998 or 1999. Based on information obtained after its original response, Defendant hereby amends its response to state that it is Defendant's understanding and belief that Plaintiff first raised the issue of a waiver or exemption from the Series 65 examination requirement with Defendant in early 2001.

- 2 -

10. **Identify all persons who hold or who have held a Series 65 license since 1995 to the present and who have also worked in the DC office during that time period.**

Defendant hereby reasserts any and all of its General and Specific Objections to this Interrogatory as set forth in its original Responses to Plaintiff's First Set of Interrogatories. Subject to and without waiving these objections, Defendant hereby supplements its original response as follows:

Defendant has produced to Plaintiff a list of its employees and former employees in the Washington, DC Branch Office who have held or currently hold a Series 65 or Series 66 license from January 1, 2001 through December 31, 2005. (See Bates Nos. MSDW 03469-MSDW 03475.) All information responsive to this request that is relevant to the claims and defenses at issue in this case can be obtained from this document.

12. **Identify all occasions when Defendant applied for an exemption on behalf of an employee from the requirement that the employee sit for an exam.**

Defendant hereby reasserts any and all of its General and Specific Objections to this Interrogatory as set forth in its original Responses to Plaintiff's First Set of Interrogatories. Subject to and without waiving these objections, Defendant hereby supplements its original response as follows:

The non-disabled employee whose request for an exemption from the Series 65 examination requirement was rejected by Mr. Masci was Edward A. Baroody. Mr. Baroody is a current employee of Defendant's Washington, D.C. Branch office.

- 3 -

Date: July 19, 2006                      Respectfully Submitted,

John Scalia (admitted *pro hac vice*)
Maria Hallas (D.C. Bar No. 436529)
Matthew Sorensen (D.C. Bar No. 492130)
**GREENBERG TRAURIG, LLP**
800 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 533-2312
Fax:  (202) 261-2668
Counsel for Defendant Morgan Stanley DW, Inc.

## **VERIFICATION**

I, Rebecca Kersten, declare:

I am  Vice President of Human Resources for the Defendant in the above litigation.  I have read **Defendant Morgan Stanley DW, Inc.'s Responses to Plaintiff's First Set of Interrogatories** and know the contents to be true and correct to the best of my knowledge, except as to matters which are stated therein on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _18_ day of _July_, 2006, at Atlanta, Georgia.

_Rebecca Kersten_
Rebecca Kersten

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 19, 2006, a copy of the foregoing

DEFENDANT MORGAN STANLEY DW, INC.'S  SUPPLEMENTAL AND AMENDED

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was duly served upon

the following parties of record by First Class Mail, addressed as shown below:

    **Michael G. Kane**
    **Cashdan & Kane, PLLC**
    **1150 Connecticut Avenue, N.W., Suite 900**
    **Washington, DC 20036-4104**

                    Matthew H. Sorensen

6