UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN L. MORGENSTEIN** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 05-2123 (JR) |
| | ) |
| **MORGAN STANLEY DW INC.** | ) |
| | ) |

**PLAINTIFF'S PARTIAL OPPOSITION TO
DEFENDANT'S BILLS OF COSTS**

Defendant is seeking $4,596.45 in this matter, which is currently being appealed. Plaintiff opposes some of the costs as detailed below.

**ARGUMENT**

**I. Legal standard**

The federal courts have held that a prevailing party may recover certain costs. The Federal Rules of Civil Procedure R. 54(d) provides that "costs shall be allowed as a matter of course to the prevailing party unless the Court otherwise directs…" *Sun Ship, Inc. v. Lehman, Secretary of the Navy*, 655 F.2d 1311, 1312 (D.C. Cir. 1981).

In *Sun Ship, Inc.*, the court awarded costs but required a demonstration that the costs were "necessarily obtained for use in the case." *Id.* at 1318. The court cautioned that the costs requested by the winning party should be given careful scrutiny. *Id.* at 1319; citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Here, the term "reasonable costs" means costs

1

identified in 28 USCS §1920, as explained more fully in Local Rule 54.1(d).

## Copies

Defendant seeks reimbursement for $78.92 for scanning of oversized documents. Approximately $70 of this charge is for creating a CD. Defendant's Bill of Costs does not tell us on what this cost was expended. Neither Plaintiff nor the Court has any basis upon which to evaluate whether the claimed expenditure was reasonably necessary for the case.

Plaintiff should not be taxed these costs $78.92.

## Deposition Transcripts

Defendant also includes seeks to recover costs incident to the taking of depositions that are not taxable. Bills from court reporters generally include various items in deposition bills which are not taxable. For example, court reporters often include computer diskettes, or floppy disks, on the invoices. The cost of these diskettes is not specifically provided for under 28 U.S.C. § 1920. Thus, the costs of obtaining depositions on ASCII diskettes was disallowed as duplicative of cost of obtaining regular transcript and merely for convenience of counsel. *Nugget Distribs. Coop. of Am., Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D. Pa. 1992). These items have been disallowed. *See, e.g., Montgomery County v. Microvote Corp.*, 2004 WL 1087196 (E.D. Pa. 2004) at *6 (disallowing costs of expedited services, condensed index and courier charges) (citations omitted).

Thus, Defendant's inclusion of additional items on the Bill of Costs should be deemed to be merely for the convenience of the defense counsel and therefore disallowed.

Although the costs of a single standard copy of the deposition transcripts are theoretically

taxable, Defendant failed to provide adequate documentation showing the charges only for the copy that is taxable and instead improperly seeks to require plaintiff to pay costs that are not properly taxable. Since the documentation submitted to the court bundles taxable costs with nontaxable costs, Defendant failed to sustain its burden of documenting the cost for a "regular delivery" of these transcripts. In the absence of documents setting forth the costs for regular delivery, all deposition charges should be disallowed. Alternatively, the court should tax only the charges for regular delivery of the transcripts, without the frills for which Defendant seeks compensation.

This applies to Miles (6/14/06 deposition) and charges for e-file, manuscript and FedEx delivery for total disallowance of 552.95; Jacobsen (e-file and manuscript) for total disallowance of 257.00; Fitzgerald (e-file, manuscript, FedEx delivery) for a total disallowance of 355.40; Miles (6/22/06 deposition) (same) for a total disallowance of 507.95; Wachs (same) for a total disallowance of 668.65; and Morgenstein deposition (combined charge of $189.11 for tabs and binding; $78.92 charge for burning two CDs).

The total disallowance for all these costs is $2,341.95.

Accordingly, the Court should tax no more than $2,254.50 against plaintiff for the Bill of Costs

WHEREFORE, plaintiff respectfully requests the court grant in part and deny in part Defendant's Bill of Costs and tax no more than $2,254.50.

Respectfully submitted,

_____
Michael G. Kane, Bar No. 435121

>CASHDAN & KANE, PLLC
>1150 Connecticut Avenue, N.W.
>Suite 900
>Washington, D.C. 20036-4104
>Tel. (202) 862-4330
>
>*Attorneys for Plaintiff*

Dated:   March 5, 2007